## PEOPLE v WATT

Docket No. 55728. Submitted January 7, 1982, at Lansing.—Decided April 8, 1982. Leave to appeal denied, 413 Mich 926.

Nancy Watt was convicted by a jury in Oakland Circuit Court of two counts of welfare fraud. She was sentenced to 5 years probation, the first 30 days of which to be served in the county jail, and ordered to make restitution to the state in the sum of $6,183, George H. LaPlata, J. Prior to the trial in this case, defendant's AFDC payments had been terminated by the Oakland County Department of Social Services. Defendant appealed the termination of payments, and a hearing was held before an administrative law judge. In the meantime, the preliminary examination on the welfare fraud charges had been held and defendant moved to quash the charges against her, claiming that insufficient evidence had been presented to bind her over on the fraud charges. The motion was denied. Thereafter, but still before the trial in this case, the administrative law judge ruled that the department of social services had failed to produce substantial evidence sufficient to justify termination of benefit payments to defendant. The department of social services chose not to appeal the decision of the administrative law judge. At trial, defendant failed to renew her motion to quash. Defendant appeals her conviction, contending that the unappealed decision of the administrative law judge acted to collaterally estop relitigation of the issues previously decided by the administrative law judge and that the charges should have been quashed by the trial court. *Held:*

The finding of fact made by the administrative law judge, which resulted in the setting aside of the order of the department of social services by which defendant's AFDC benefits were terminated, was binding upon the trial court in the criminal proceeding by virtue of the application of the doctrine of collateral estoppel.

Reversed.

REFERENCE FOR POINTS IN HEADNOTES
[1-3] 46 Am Jur 2d, Judgments §§ 397, 398.

1. ESTOPPEL — COLLATERAL ESTOPPEL.

    Collateral estoppel bars the relitigation of issues previously de-
    cided where such issues are raised in a subsequent suit by the
    same parties based upon a different cause of action.

2. ESTOPPEL — COLLATERAL ESTOPPEL.

    The doctrine of collateral estoppel provides that only issues
    actually litigated in a prior litigation are held to have been
    conclusively decided for purposes of a subsequent action based
    on a new cause of action.

3. ESTOPPEL — COLLATERAL ESTOPPEL — QUESTIONS OF FACT.

    A determination of a question of fact which is essential to a
    judgment is conclusive between the same parties in a subse-
    quent action on a different cause of action where the question
    of fact was actually litigated and determined by a valid and
    final judgment in the earlier action.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *Margaret G. Horenstein,* Assistant Prosecuting Attorney, for the people.

*Morris, Rowland, Prekel, Paquette, Keidan & White* (by *Wendy L. Potts),* for defendant on appeal.

Before: M. F. CAVANAGH, P.J., and BRONSON and BEASLEY, JJ.

PER CURIAM. Defendant, Nancy Watt, was convicted by a jury of two counts of welfare fraud, in violation of subsections 1 and 2 of MCL 400.60; MSA 16.460. Defendant was sentenced to 5 years probation, with the first 30 days to be served in the county jail, and was ordered to make restitution to the state in the sum of $6,183. The trial court permitted defendant to "complete appropriate hours of volunteer work to a community non-profit agency as arranged by the probation department's Community Service Program" in lieu of the

restitution. Defendant appeals as of right, raising five issues.

In her brief on appeal, defendant alleges that she was tried by jury following a flurry of pretrial publicity that there would be a major crackdown on welfare fraud in Oakland County. One count of the information charges defendant with fraudulently telling the department of social services (DSS) that her ex-husband was not living in the home with her and her children when, in fact, he was and that, as a result, she obtained relief to which she was not justly entitled. The second count charges defendant with violating her continuing obligation to supply the county department of social services with complete information regarding her circumstances by failing to report that her ex-husband was living with her.

The information charges that the alleged offenses took place "[o]n or about 11/1/78 and diverse days between then and 9/30/79". The preliminary examination was held on November 30, 1979, at which time defendant moved to quash, claiming that insufficient proof was presented. The motion was denied. The case was tried on August 4 and 5, 1980. The record indicates that defendant's AFDC payments were stopped shortly after September of 1979. However, defendant appealed the decision to terminate her benefit payments, and a hearing was held before an administrative law judge on January 24, 1980.

Stating the issue to be whether or not the DSS acted properly in cancelling defendant's assistance under the ADC program, the administrative law judge found that the DSS failed "to produce substantial evidence on the whole record sufficient to

support a finding that the claimant's husband was present at and residing in her home".[1]

The DSS, which is the complainant in the within criminal proceedings, had a right to appeal the decision of the administrative law judge, but did not choose to do so. In the instant criminal trial, the decision of the administrative law judge was marked as an exhibit and introduced into evidence, over the prosecutor's objection, for consideration by the jury.

The first issue is what effect did the unappealed decision of the administrative law judge have on the instant criminal proceeding. To put it another way, the question is does the doctrine of collateral estoppel apply so as to bar relitigation of issues previously decided by the administrative law judge.

In *Topps-Toeller, Inc v Lansing*,[2] this Court defined collateral estoppel as follows:

"Collateral estoppel bars the relitigation of issues previously decided when such issues are raised in a subsequent suit by the same parties based upon a different cause of action."

In *Topps*, we cited *People ex rel Director of Conservation v Babcock*[3] to describe collateral estoppel as follows:

" 'When the subsequent action is based on a new cause of action, the prior litigation is conclusive only as to issues actually litigated. This is the doctrine of collateral estoppel.' " (Citations omitted.)

---

[1] Hearing decision of administrative law judge, dated January 30, 1980.

[2] 47 Mich App 720, 727; 209 NW2d 843 (1973), *lv den* 390 Mich 788 (1973).

[3] 38 Mich App 336, 346; 196 NW2d 489 (1972).

In *Senior Accountants, Analysts & Appraisers Ass'n v Detroit,*[4] the Supreme Court said:

"The applicable test for collateral estoppel in this case is accurately stated in § 68 of the Restatement Judgments, p 293:

" 'Where a question of fact essential to the judgment is actually litigated and determined by a valid and final judgment, the determination is conclusive between parties in a subsequent action on a different cause of action * * *.' * * *

"In other words, the questions of fact necessary for a determination of 'damages' by the trial court in this case would be identical to the questions of fact already determined by the trial examiner in his conclusion that 'back pay' was improper in this case. Consequently, plaintiffs are barred under the doctrine of collateral estoppel from re-litigating these same questions of fact in their subsequent action for 'damages' based on a breach of contract theory." (Footnote and citations omitted.)

In attempting to meet this argument, the prosecution claims that defendant has waived the defense of collateral estoppel and, thus, not preserved the question for appeal because she did not specifically raise the question of collateral estoppel during trial. While defendant's motion to quash the information was denied at the time of the preliminary examination, the preliminary examination was held before the administrative law judge made his findings that are the basis for defendant's claim of collateral estoppel. After the preliminary examination, defendant did not renew the motion to quash.

While defendant did get the decision of the administrative law judge admitted into evidence,

---

4 399 Mich 449, 458-459; 249 NW2d 121 (1976).

over the prosecutor's objection, the record does not indicate that defense counsel claimed the decision was binding on the judge and jury. Neither was a jury instruction sought or given as to the legal effect of the decision of the administrative law judge.

We note that it would have been wiser and better practice for defendant to raise this issue either before trial in a specific motion or during the course of trial at the time of introduction of the decision of the administrative law judge. However, where, as here, a manifest injustice would occur if defendant were held to have waived this vital defense to the prosecutor's charge, we decline to hold that it has been waived.

All of the facts necessary to the defense of collateral estoppel were available to the trial court in this case. However, rather than to give binding effect to the findings of the administrative law judge, the trial court gave this issue to the jury for relitigation without instruction as to its legal effect. As indicated, under these circumstances, we decline to find that defendant waived her right to raise the question of collateral estoppel.

The question of collateral estoppel was before the court, and the issue on appeal is whether the proper procedure for handling the issue of collateral estoppel was referral to the jury for relitigation. On appeal, the prosecution also argues that the general rule is that a judgment does not operate to collaterally estop relitigation of an issue where the two courts involved have different subject-matter jurisdiction, citing an article in 9 ALR3d 203, 239. While this precise question does not appear to have been litigated in Michigan, other states have ruled on this matter contrary to the position urged by the prosecution.

In *United States v Lasky*,[5] the Court said:

"The defendants next contend that the district court should have granted their motion to dismiss the indictment under the doctrine of collateral estoppel. Defendants contend the administrative law judge's determination that the Postal Service had failed to establish a violation of 39 USC § 3005 should have precluded their prosecution for similar acts under 18 USC § 1341.

"Since the endorsement of the proposition by the Supreme Court in *United States v Utah Construction Co*, 384 US 394, 421-422; 85 S Ct 1545; 16 L Ed 2d 642 (1966), courts have increasingly given res judicata and collateral estoppel effect to the determinations of administrative agencies acting in a judicial capacity. See, *e.g., Bowen v United States*, 570 F2d 1311, 1321 (CA 7, 1978). Despite this general acceptance, the doctrines are not to be applied to administrative decisions with the same rigidity as their judicial counterpart. *American Heritage Life Ins Co v Heritage Life Ins Co*, 494 F2d 3, 10 (CA 5, 1974); *United States v Smith*, 482 F2d 1120, 1123 (CA 8, 1973). This is particularly true where their application would contravene an overriding public policy. See, *e.g., Tipler v E I du Pont de Nemours & Co*, 443 F2d 125, 128 (CA 6, 1971). Thus, the need to proceed cautiously in this area is acute, and due regard must be given in each case as to whether the application of the doctrine is appropriate in light of the particular prior administrative proceedings.

"The application of the doctrine to the facts of this case is novel. We have found no cause in which a defendant in a criminal proceeding sought to use a prior favorable administrative decision to preclude trial of the matters contained in the indictment. However, since the defendants failed adequately to raise the applicability of the doctrine of collateral estoppel before the district court, we need not determine this novel issue."

Similar in import was the decision in *People v*

[5] 600 F2d 765, 768 (CA 9, 1979).

*Klein.*[6] Another case applying collateral estoppel in a criminal proceeding subsequent to an administrative determination is *Beckett v Dep't of Social & Health Services.*[7]

In the instant case, it is worth noting that the burden of proof in the criminal case, guilt beyond a reasonable doubt, is greater than the burden of proof in the administrative hearing in which the DSS was defendant, that being preponderance of the evidence.

It should be noted also that in the criminal proceedings the complainant was the DSS and that in the administrative proceeding the defendant was the DSS. For purposes of application of collateral estoppel, the Oakland County Prosecutor and the Michigan Department of Social Services are both creatures of the same sovereign, namely, the State of Michigan.[8]

Since the burden of proof in the criminal proceeding was greater than that in the administrative hearing, we do not believe that it is unjust to apply collateral estoppel. The administrative hearing was held a considerable length of time after the alleged offenses occurred. Nothing in the record indicates that there was any unusual difficulty or trouble experienced by the state in preparing for and obtaining evidence for that hearing. The evidence presented or available to be presented at the administrative hearing was essentially the same as that presented at the criminal trial.

The factual determination made by the administrative law judge that there was insufficient evidence upon which to base a finding that the hus-

[6] 96 Misc 2d 692; 410 NYS2d 12 (1978), *aff'd* 429 NYS2d 39 (App Div, 1980).

[7] 87 Wash 2d 184; 550 P2d 529 (1976).

[8] See *United States v Wheeler,* 435 US 313, 320-321; 98 S Ct 1079; 55 L Ed 2d 303 (1978).

band lived in defendant's house for a time long enough to require termination of AFDC benefits was substantially the same issue involved in the criminal case. In fact, it was a central question of fact at both the criminal trial and the administrative hearing.[9]

---

[9] The administrative law judge found as follows:

"*ISSUE*

"Whether or not the department acted properly in cancelling claimant's assistance under the ADC program.

"*SUMMARY OF THE EVIDENCE*

"The department closed claimant's ADC case because it felt that claimant's former husband, the father of the two dependent children, was residing in claimant's home (ALJ Exhibit II). The department failed to produce substantial evidence on the whole record sufficient to support a finding that the claimant's husband was present at and residing in her home.

"*FINDINGS OF FACT*

"The administrative law judge, upon the competent, material and substantial evidence on the whole record, finds the material facts to be as stated in the above summary of the evidence.

"*CONCLUSIONS OF LAW*

"The Aid to Dependent Children (ADC) program is established by Title IV of the Social Security Act. The department of social services (DSS) is authorized under the provisions of MCL 400.10 to administer this program in accordance with state and federal law and rules and its Assistance Payments Manual (APM).

"The Michigan Administrative Procedures Act, § 85, states that a decision or order shall not be made except on consideration of the record as a whole or such portion thereof as may be cited by any party to the proceedings and as supported in accordance with the competent, material and substantial evidence. MCL 24.285.

"Substantial evidence means evidence which a reasoning mind would accept as evidence to support a conclusion. It consists of more than a mere scintilla of evidence, but may be somewhat less than a preponderance of the evidence. See *Soto v DSS,* 73 Mich App 263, 271 [251 NW2d 292] (1977). Substantial evidence is evidence of the kind upon which responsible persons are accustomed to rely and may include, and even be limited to, hearsay. See *Richardson v Perales,* 402 US 389 [91 S Ct 1420; 28 L Ed 2d 842] (1971).

"In the present case, the department had a duty to produce evidence as to the facts alleged as the bases for closing claimant's case, *i.e.,* that claimant's former husband was in claimant's home and that the children were no longer deprived based upon the absence of their father. The department presented much evidence from which a finder of fact, based upon pure speculation, might arrive at a number of different conclusions. This evidence, however, was not substantial evidence within the contemplation of the Michigan Administrative

In the information filed by the prosecution, a specific allegation was that defendant stated that her ex-husband was not living in the home with her and her children and that, in fact, he resided elsewhere. The second count specifically provided that the fraudulent misrepresentation of defendant was in failing to report that her ex-husband was living with her. We are satisfied that this necessary element of the within criminal case is the same issue litigated before the administrative law judge.

In holding that collateral estoppel is applicable here, we are not unmindful that in many administrative hearings, for various reasons, the determinations made therein will not have a collateral estoppel effect. Often, collateral estoppel will not be appropriate to apply to a criminal case after an administrative determination. However, as indicated, such is not the case here.

We hold that if a motion had been made for dismissal of the criminal proceeding after introduction into evidence of the decision of the administrative law judge, the criminal proceeding then should have been dismissed. The finding of fact made by the administrative law judge setting aside the order of the DSS terminating defendant's benefits was binding upon the court in the criminal proceeding by virtue of the application of the doctrine of collateral estoppel.

Procedures Act upon which the administrative law judge can reasonably rely in making the findings of fact necessary to case closure.

"It would appear, therefore, that the department improperly closed claimant's ADC case.

"*DECISION AND ORDER*

"The administrative law judge, upon the above findings of fact and conclusions of law, decides that the department improperly closed claimant's ADC case.

"Accordingly, it is ordered that claimant's ADC case be reopened retroactively from the date of closure."

Since the very essence of the criminal proceeding was based upon the allegation that defendant fraudulently misrepresented to the DSS regarding whether or not her ex-husband resided with her in her home, and since, in an appropriate proceeding, the administrative law judge held that the DSS had not established that fact, and further, since the administrative law judge had ordered payment of benefits retroactively, we believe that the criminal conviction must here be reversed and the criminal proceedings dismissed.

Reversed. Defendant is discharged.