PEOPLE v BOOKMEYER

Docket No. 63418. Submitted May 3, 1983, at Lansing.—Decided July 7, 1983. Leave to appeal applied for.

Thaddeus Bookmeyer was convicted of breaking prison following his plea of guilty. The Oakland Circuit Court, Richard D. Kuhn, J., sentenced him to six months to five years imprisonment to be served consecutively with the sentence he was serving when he escaped. Defendant appeals alleging there was an insufficient factual basis for the acceptance of his plea and that a prior finding by a Department of Corrections hearing officer, that defendant had committed the offense of being out of place rather than prison escape, estopped the prosecutor from charging him with the felony of breaking prison. *Held:*

1. Defendant did not show that the issue of his escape had been fully litigated at the prison misconduct hearing. Moreover, the hearing officer did not determine a factual issue in defendant's favor. Therefore, the doctrine of collateral estoppel does not apply here.

2. The hearing officer's factual determination supports a finding of breaking prison under the applicable statute. The hearing officer's conclusion that the defendant was not guilty of prison escape under the Department of Corrections rules, but rather had committed the offense of being out of place, does not mandate the same conclusion under the statute.

3. Defendant's admission supplied a sufficient factual basis for his plea.

Affirmed.

1. COURTS — ESTOPPEL — ADMINISTRATIVE LAW — PRISONS AND PRISONERS.

A trial court is not estopped from determining that a defendant is guilty of breaking prison under the statute pertaining thereto by the fact that a Department of Corrections hearing officer has already determined in a prison misconduct hearing that the defendant committed the offense of being out of place rather

REFERENCES FOR POINTS IN HEADNOTES
[1] 27 Am Jur 2d, Escape, Prison Breaking, and Rescue § 18.
[2] 21 Am Jur 2d, Criminal Law § 469 *et seq.*

than prison escape under the department's disciplinary rules (MCL 750.193; MSA 28.390).

2. CRIMINAL LAW — GUILTY PLEAS — BREAKING PRISON.

A sufficient factual basis is supplied for the acceptance of a plea of guilty to breaking prison where the defendant admits that he was on a work release program and returned late (MCL 750.193; MSA 28.390).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *John L. Kroneman,* Assistant Prosecuting Attorney, for the people.

*Barbara Jo Safran,* for defendant.

Before: ALLEN, P.J., and R. B. BURNS and D. F. WALSH, JJ.

PER CURIAM. On December 7, 1981, defendant pled guilty to breaking prison, MCL 750.193; MSA 28.390 and MCL 791.265a; MSA 28.2325(1), and was sentenced to six months to five years imprisonment to be served consecutively with the sentence he was serving when he escaped. Defendant appeals as of right, raising two issues.

Prior to the criminal proceedings a prison misconduct hearing was held pursuant to MCL 791.251 *et seq.;* MSA 28.2320(51) *et seq.* The hearing officer found that defendant had returned late from his work release program to the resident home, contrary to the work release agreement. However, since he had returned within 24 hours he was not guilty of prison escape under the Department of Corrections rules, but rather, was guilty of "being out of place". Defendant was given ten days in segregation for his violation of the department's disciplinary rules.

Defendant first argues that the finding of the Department of Corrections hearing officer, that defendant had committed the offense of being out of place rather than prison escape, estopped the prosecutor from charging him with the felony of breaking prison. Defendant primarily relies on the case of *People v Watt,* 115 Mich App 172; 320 NW2d 333 (1982). In *Watt,* the defendant was convicted of welfare fraud based on her failure to inform the Department of Social Services that her ex-husband was residing with her. Prior to her conviction she had petitioned the Department of Social Services for an administrative hearing concerning the termination of her benefits. The hearing officer found in favor of the defendant, holding that there was insufficient evidence that her ex-husband was living in the house, and consequently the defendant was entitled to benefits. The Department of Social Services did not appeal the determination of the hearing officer. The Court held that the doctrine of collateral estoppel barred the relitigation of the factual issues determined at the administrative hearing.

The *Watt* decision is distinguishable from the present case in several respects. In *Watt,* the factual allegation that the defendant's husband was residing in the house was the primary issue in both the criminal and administrative hearings. This issue had been fully litigated at the administrative hearing and the state had had adequate time to prepare its case. The Court emphasized that its application of collateral estoppel was very limited, and ordinarily collateral estoppel would not be appropriate after an administrative hearing. Unlike the *Watt* case, in the present case defendant has not shown that the issue of defendant's escape was fully litigated. In fact, the provisions for the disciplinary hearing, MCL 791.252;

MSA 28.2320(52), state that a hearing is to be held promptly and do not provide for normal evidentiary hearings and cross-examination.

Moreover, the present case did not involve the determination of a *factual* issue in defendant's favor. The hearing officer found that defendant had not returned at the time specified in his work release agreement. This factual determination supports a finding of breaking prison under the statute.[1] The hearing officer's legal conclusion, that if defendant was less than 24 hours late he was guilty of being out of place rather than of prison escape under the Department of Corrections' disciplinary rules, does not mandate the same legal conclusion under the penal provision.

As to defendant's second claim of error, we find that defendant's admission "I was on a work release program and I returned late" supplied a sufficient factual basis for the plea.

Affirmed.

---

[1] MCL 750.193; MSA 28.390 provides in pertinent part:

"(1) A person imprisoned in a prison of this state who breaks prison and escapes, breaks prison though an escape is not actually made, escapes, leaves the prison without being discharged by due process of law, attempts to break prison, or attempts to escape from prison, is guilty of a felony, punishable by further imprisonment for not more than 5 years.

\* \* \*

"(3) \* \* \* A person released from prison under a work pass program who violates the terms of the release or fails to return to the place of imprisonment within the time provided is guilty of a violation of this section. A person violating the conditions of a parole is not an escapee under this act."