PEOPLE v GATES

Docket No. 98229. Submitted February 9, 1988, at Lansing. Decided
    May 2, 1988. Leave to appeal applied for.

   Gregory S. Gates was charged with criminal sexual conduct in
      the second degree on the basis of the alleged sexual molestation
      of his daughter. A petition had previously been filed in the
      Jackson County Probate Court which requested that the pro-
      bate court assume jurisdiction over Gates' daughter on the
      basis that the same alleged incident which gave rise to the
      criminal charge constituted sexual abuse of the child. A jury
      trial was held in the probate court on the question of whether
      there had been abuse to the child such as would permit the
      probate court to assume jurisdiction over the child. The sole
      testimony at that trial related to the alleged sexual molestation
      of the child by her father. The probate court jury returned a
      verdict which held that the probate court lacked a jurisdic-
      tional basis to assume jurisdiction over the child. Gates thereaf-
      ter moved in Jackson Circuit Court to have the criminal
      charges dismissed on the basis that the verdict of the probate
      court jury barred prosecution of the criminal charges on the
      basis of collateral estoppel. The circuit court, Gordon W. Brit-
      ten, J., granted defendant's motion. The prosecution appealed.

      The Court of Appeals held:

      Since the underlying question in the probate court trial was
      identical to the question raised by the criminal charge, i.e.,
      whether defendant molested his daughter, and since the jury in
      the probate court obviously determined that the alleged act had
      not been proven, collateral estoppel bars relitigating that same
      question in the circuit court.

      Affirmed.

REFERENCES

Am Jur 2d, Judgments §§ 415 et seq., 620.
Doctrine of res judicata or collateral estoppel as barring relitigation
   in state criminal proceedings of issues previously decided in
   administrative proceedings. 30 ALR4th 856.
Modern status of doctrine of res judicata in criminal cases. 9
   ALR3d 203.

ESTOPPEL — COLLATERAL ESTOPPEL — JUVENILE COURT PROCEEDINGS
    — CRIMINAL CHARGES.

    A circuit court is barred by the doctrine of collateral estoppel
    from proceeding on a criminal sexual conduct charge arising
    out of the alleged sexual molestation by a father of his child
    where a jury in probate court, after hearing evidence of the
    alleged sexual molestation, determined that there was insuffi-
    cient evidence of sexual abuse to warrant the probate court's
    taking jurisdiction over the child, since in both the criminal
    proceeding and the juvenile proceeding the state was attempt-
    ing to show the improper touching of the child by the parent
    and the probate court jury determined that such a touching
    had not been proven.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Joseph S. Filip,* Prosecuting Attorney, and *Jerrold Schrotenboer,* Chief Appellate Attorney, for the people.

*Nicholas Smith,* for defendant.

Before: R. M. MAHER, P.J., and SHEPHERD and K. TERTZAG,* JJ.

PER CURIAM. The people appeal as of right from the order of the Jackson Circuit Court holding that the criminal prosecution of defendant for second-degree criminal sexual conduct, MCL 750.520c(1)(a); MSA 28.788(3)(1)(a), was barred by collateral estoppel for the reason that a probate court jury had previously found, at an adjudicative hearing in that court, that defendant had not sexually abused the subject child. We affirm.

On February 18, 1986, a juvenile petition was filed in the Jackson County Probate Court requesting court intervention due to defendant's alleged sexual abuse of his daughter, who was then three years and ten months old. The petition alleged that sometime on or around February 13, 1986,

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

defendant had touched the child's genitals for the purpose of sexual arousal or gratification. Prior to a preliminary examination on the petition, defendant was also charged in the Jackson Circuit Court with second-degree CSC, arising from the same occurrence.

On June 16 and 17, 1986, a jury trial in the Jackson County Probate Court was held on the juvenile petition. In his opening statement, the prosecutor explained that he would show that defendant had touched his daughter in a sexual manner and this warranted the probate court's jurisdiction and intervention. During the prosecution's proofs, the daughter testified that she was asleep in a chair at defendant's home when he touched her hard in the vaginal area, awakening her. She also said that defendant told her not to tell her mother, from whom defendant was divorced and with whom defendant shared the child's custody, or the judge about the touching. A Catholic Social Services therapist testified that in her opinion the child had been sexually molested. The girl's mother and another social worker testified regarding the child's marked mood change. No other evidence was presented to show neglect, cruelty, or defendant's unfitness to parent, aside from the alleged sexual touching.

The probate court instructed the jury that if it found, by a preponderance of the evidence, that defendant's home was unfit for the child because of neglect, cruelty, criminality, or depravity by defendant then it should find that the court has jurisdiction over the child. The jury returned a verdict that the court did not have jurisdiction over the child. When polled, all six jury members agreed that they believed the child had not been neglected in the manner alleged by the Department of Social Services.

On June 20, 1986, the DSS filed a motion for judgment notwithstanding the verdict, which the probate court granted. That order was subsequently reversed by the circuit court, and the juvenile petition was ordered dismissed.

On August 6, 1986, defendant moved to dismiss the criminal charges on the ground that the prosecution was barred by the doctrine of collateral estoppel. The trial court granted that motion and dismissed the second-degree CSC charges against defendant. This appeal of right followed.

The doctrine of collateral estoppel bars the relitigation of issues previously decided where such issues are raised in a subsequent suit by the same parties based upon a different cause of action. *People v Watt,* 115 Mich App 172, 175; 320 NW2d 333 (1982), lv den 413 Mich 926 (1982). However, only those issues actually litigated in a prior litigation are conclusively decided for purposes of any subsequent action. *Id.*

The identical issue as presented herein was discussed by this Court in *Watt, supra.* There, the DSS terminated defendant's welfare benefits for the reason that she had committed fraud by failing to inform it that her former spouse resided with her. Defendant challenged the termination of her benefits and a hearing officer found in her favor. The officer held that there was insufficient evidence that defendant's former spouse resided with her and, consequently, ordered that benefits be reinstated. The DSS did not appeal that decision. Thereafter, criminal charges were brought against defendant for the same acts, and she was convicted of welfare fraud. On appeal, this Court overturned that conviction, noting among other things that (1) the burden of proof is higher in a criminal proceeding than in an administrative hearing and (2) a county prosecutor and the DSS are "both crea-

tures of the same sovereign, namely, the State of Michigan." *Id.,* p 179. See also *People v Grainger,* 117 Mich App 740, 753-754; 324 NW2d 762 (1982); Anno: *Doctrine of res judicata or collateral estoppel as barring relitigation in state criminal proceedings of issues previously decided in administrative proceedings,* 30 ALR4th 856. Cf. *Thangavelu v Dep't of Licensing & Regulation,* 149 Mich App 546, 554-556; 386 NW2d 584 (1986), lv den 425 Mich 864 (1986); *People v Bookmeyer,* 127 Mich App 69, 71-72; 338 NW2d 557 (1983), lv den 419 Mich 854 (1984).

We hold that *Watt, supra,* is dispositive of this appeal. The basis of the juvenile petition against defendant was his alleged sexual abuse of his daughter. No other allegations of abuse, neglect, or unfitness were made or proven at the adjudicative hearing. Thus, the subject matter of the petition was the same as the criminal charge. Moreover, it is clear that the issue was fully litigated in the probate court, as the DSS presented several witnesses in support of its case. Despite the DSS's efforts, the jury—applying a lesser standard than required in a criminal proceeding—found that the state had failed to establish that defendant had committed the alleged sexual assault. Logic dictates that defendant could not be found guilty of the same misconduct under the higher standard of proof. Finally, we agree that the DSS and the county prosecutor, being creatures of the same sovereign, are the same party for purposes of collateral estoppel. For these reasons, the trial court correctly ruled that the doctrine of collateral estoppel barred defendant's prosecution on charges of second-degree CSC.

Our disposition of this issue renders it unnecessary to address defendant's claim that the prosecu-

tion was also prohibited by the double jeopardy clause of the United States Constitution. US Const, Ams V, XIV.

Affirmed.