PEOPLE v WINDSOR

Docket No. 168410. Submitted September 19, 1994, at Detroit. De-
cided October 4, 1994, at 9:10 A.M.

Ruth Windsor was bound over to the Recorder's Court of the City
of Detroit on a charge of embezzlement of more than $100, a
charge that arose out of her alleged theft of money from her
employer. The defendant was discharged from her employment
because of the alleged theft and thereafter filed a claim for
unemployment compensation. The employer asserted that the
defendant was disqualified from receiving unemployment com-
pensation because her discharge had been for good cause. A
claims examiner for the Michigan Employment Security Com-
mission found that the defendant was not disqualified because
the employer had not produced adequate facts to support the
claim of embezzlement. The defendant moved for dismissal of
the criminal charge on the ground of collateral estoppel. The
court, Dalton A. Roberson, J., granted the defendant's motion
to dismiss. The prosecution appealed.

The Court of Appeals held:

Determinations of the Michigan Employment Security Com-
mission of factual issues regarding eligibility for unemployment
compensation may not be used to estop collaterally the litiga-
tion of the same issues in a subsequent criminal prosecution.
Accordingly, the prosecutor was not estopped from bringing the
criminal prosecution for embezzlement, and it was error to
dismiss the criminal charge on the basis of collateral estoppel.

Reversed.

*Frank J. Kelley,* Attorney General, *Thomas L.
Casey,* Solicitor General, *John D. O'Hair,* Prosecut-
ing Attorney, *Timothy A. Baughman,* Chief of
Research, Training, and Appeals, and *Olga Ag-
nello,* Assistant Prosecuting Attorney, for the peo-
ple.

*Steven R. Sonenberg,* for the defendant.

Before: Doctoroff, C.J., and White and D. B.
Leiber,* JJ.

Per Curiam. The prosecutor appeals as of right
the dismissal of an embezzlement charge against
defendant on the ground of collateral estoppel. We
reverse.

In December 1992, defendant was discharged
from her employment after allegedly stealing
money from her employer's cash register. In Feb-
ruary 1993, defendant filed a claim for unemploy-
ment compensation benefits. A criminal complaint
was filed in March 1993, and defendant was subse-
quently charged with embezzlement over $100,
MCL 750.174; MSA 28.371. On April 5, 1993, a
claims examiner for the Michigan Employment
Security Commission ruled that defendant was not
disqualified from receiving benefits because the
employer had not provided adequate facts to sup-
port its charge of embezzlement and there were
insufficient grounds for a finding of misconduct.
After defendant's employer sought a redetermina-
tion, the examiner's ruling was upheld on May 17,
1993.[1] On July 8, 1993, defendant moved to dismiss
the criminal charge on the ground that the prose-
cutor was collaterally estopped by the mesc deter-
mination from proceeding with the prosecution of
the criminal charge. After a hearing on August 13,
1993, the trial court granted defendant's motion.

On appeal, the prosecutor relies on *Storey v
Meijer, Inc,* 431 Mich 368; 429 NW2d 169 (1988),
and *People v Johnson,* 191 Mich App 222; 477
NW2d 426 (1991), and defendant relies on *People v
Watt,* 115 Mich App 172; 320 NW2d 333 (1982),
and *People v Grainger,* 117 Mich App 740; 324

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] The ruling was again upheld on August 20, 1993, after review by
an mesc referee.

NW2d 762 (1982). We find that *Watt* and *Grainger* are distinguishable and that *Storey* is dispositive.

Unlike *Watt* and *Grainger,* the parties to this proceeding are not the same as, or the substantive equivalent of, those in the administrative proceeding: here, the people of the State of Michigan is not the same entity as defendant's former employer. Nor did *Watt* or *Grainger* involve the Employment Security Act.

Section 11(b)(1) of that act, MCL 421.11(b)(1); MSA 17.511(b)(1), expressly provides:

> . . . [A]ny information in the commission's possession that may affect a claim for benefits or a charge to an employer's rating account shall be available to interested parties. *Except as provided in this act, such information and determinations shall not be used in any action or proceeding before any court or administrative tribunal unless the commission is a party to or a complainant in the action or proceeding . . . .* [Emphasis added.]

In *Storey,* the Supreme Court considered both this express language and the public policy behind the act and concluded:

> [M]ESC determinations are not to be used to collaterally estop the litigation of issues in a subsequent civil suit. Determinations made by the MESC are limited to the purpose of determining a claimant's eligibility for benefits. [431 Mich 379.]

While this conclusion addressed civil suits rather than criminal prosecutions, we find that *Storey's* reasoning is equally applicable to criminal proceedings. The statute does not limit its application to civil suits, but, rather, refers to "any action or proceeding before any court . . . ."

Accordingly, we reverse the lower court's dismissal of the complaint.