■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODERICK

M. Donohue, Appellant.—Appeal by defendant from a judgment of the County Court, Nassau County, rendered April 20, 1977, convicting him of burglary in the second degree and petit larceny, upon a jury verdict, and imposing sentence. Case remanded to the County Court to hear and report on whether defendant was denied his right to a speedy trial, and appeal held in abeyance in the interim. The People now concede that they learned on November 19, 1975 that the defendant was in Federal custody. The record indicates that it was not until December 16, 1976, that the County of Nassau filed a request for temporary custody pursuant to the Interstate Agreement on Detainers (see CPL 580.20). Thus, a serious question is raised as to whether the People complied with CPL 30.30, which, under the circumstances of this case, requires that an indictment be dismissed unless the People were ready for trial within six months of the commencement of the criminal action (see CPL 30.30, subd 1, par [a]). The 13-month period between the time the District Attorney's office learned of the defendant's location, and the time the request for temporary custody was filed may be excluded in the computation of the time within which the People must have been ready for trial only if the People can show that they had been diligent and had made reasonable efforts to obtain the defendant's presence for trial in Nassau County (see CPL 30.30, subd 4, par [e]). While the People allege that they were in fact diligent and did make the required reasonable efforts, the record, as it is presently constituted, is barren of facts supporting such an assertion. Inasmuch as this precise issue arose for the first time on appeal due to the People's candid admission regarding their knowledge of defendant's location, it is our view that the People should be permitted to make the requisite statutory showing (cf. *People v Gruden,* 42 NY2d 214). We have considered and rejected defendant's contention that his guilt was not proved beyond a reasonable doubt, as well as his criticism of the court's charge with respect to the inference to be drawn from recent possession of stolen property. Martuscello, J. P., Titone, Shapiro and O'Connor, JJ., concur.