■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AUDREY PARTMAN, Also Known as AUDRAY PARTMAN, Appellant.—Judgment of conviction by plea of guilty, Supreme Court, New York County, rendered July 6, 1977, reversed, on the law, the plea of guilty vacated and the indictment dismissed. Brought up for review on this appeal is the interim

denial of a motion for dismissal of the indictment based upon delay of a speedy trial (CPL 30.30, subd 1, par [a]; 210.20, subd 1, par [g]). There are involved two separate periods during which, as claimed by defendant-appellant, failure to take appropriate action to produce defendant from other jurisdictions for trial here brought about impermissible and inexcusable delay of disposition of the indictment. We commence consideration with the later of those periods, from August 18, 1976 to January 17, 1977. The hearing court found on the motion addressed to lack of a speedy trial, in a written decision dated simply "June, 1977," that "the period between August 18, 1976 and January 17, 1977 (less thirty days) is chargeable to the People." We confirm that finding and arrive at the same conclusion. The narcotics prosecutor, having learned on the earlier date that defendant's prosecution in South Carolina had terminated in sentence, did nothing whatever about seeking her presence here, except that he filed a detainer on October 28, 1976. But this was an empty gesture, not followed by an actual request for her return here for disposition of her indictment until the following January. For the appropriate procedure, see CPL 580.20, the interstate agreement on detainers and securing of attendance of those in custody in other jurisdictions. Which brings us to the earlier period, from January 27* to May 21, 1976, as to which the Hearing Justice declined to hold the prosecutor responsible. On the earlier date, January 27, defendant's counsel advised both court and prosecutor that defendant, indicted in 1975, was in Federal custody in this city, but nothing was done to produce her. On February 23, advice was transmitted that, still in Federal custody, she had been transported to West Virginia to serve her sentence. It was not until May 21 that a warrant was procured to act as a detainer, said to have been lodged at the West Virginia jail. But no request for temporary custody was ever made during all this time, and she was moved on to South Carolina. The next news of her whereabouts came, as related above, on August 18, 1976. The minimum total, after appropriate subtractions as noted, of all these periods during which the prosecutor, knowing of her whereabouts, did nothing to secure her presence here under CPL 580.20, is well in excess of the allowable six-month period. The prosecutor's explanation is that it would have been fruitless to make either request—to the Federal authorities or to South Carolina—because it would not have been honored. This is sheer speculation, because the prosecutor never asked. And, when he finally did, the request was honored. It is to be noted that there are other brief fringe periods, also chargeable to the prosecutor, but for obvious reasons it is unnecessary to reach them. Concur—Fein, J. P., Sullivan, Bloom, Markewich and Ross, JJ.

---

* The hearing court regarded February 23 as the starting point of this period. This is of no consequence because, whichever date is used, the total delay amounts to more than six months.