■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWIN DE JESUS, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered April 13, 1978, convicting him of burglary in the third degree and attempted petit larceny, upon a jury verdict, and imposing sentence. Judgment affirmed. Although some of the prosecutor's comments during summation were improper, they were not objected to and they do not warrant reversal of the conviction. We see no merit in defendant's other contentions. Hopkins, J. P., Damiani, Lazer and Cohalan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODERICK M. DONOHUE, Appellant.—Appeal by defendant from a judgment of the County Court, Nassau County, rendered April 20, 1977, convicting him of burglary in the second degree and petit larceny, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial of defendant's motion to dismiss the indictment upon the ground that he had been denied his constitutional and statutory rights to a speedy trial. By order dated December 11, 1978, this court remanded the case to the County Court to hear and report on whether defendant was denied his right to a speedy trial and directed that the appeal be held in abeyance in the interim *(People v Donohue,* 66 AD2d 801). The court has now complied and rendered a report in accordance therewith. Judgment affirmed. We find that neither defendant's constitutional nor statutory right to a speedy trial was violated on the facts of this case. We have examined defendant's additional contentions with respect to the charge to the jury and to the sentence imposed, and find them to be without merit. Titone, J. P., Margett, Martuscello and O'Connor, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, v RUSELE HECKSTALL, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered August 21, 1978, convicting him of criminal possession of a controlled substance in the fifth degree, criminal possession of a controlled substance in the seventh degree and criminally using drug paraphernalia in the second degree, upon a jury verdict, and imposing sentence. Judgment affirmed. After the jury rendered its verdict the defendant orally alleged that there had been juror misconduct. The trial court instructed the defendant to move upon proper papers (CPL 330.30, 330.40). Nevertheless, he did not. This failure coupled with the vagueness of the alleged misconduct causes us to conclude that the issue must be deemed waived. Margett, J. P., Martuscello, O'Connor and Weinstein, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v LAURA KLEIN and WILLIAM OVERTON, Respondents.—Appeal by the People from an order of the Supreme Court, Suffolk County, dated October 18, 1978, which granted the defendants' motion to dismiss an indictment charging them with grand larceny in the second degree and falsifying business records in the first degree. Order affirmed. While we disagree with Criminal Term's finding that a decision by an arbitrator may be used to collaterally estop a subsequent criminal prosecution, we agree with the court that dismissal of the indictment is warranted in the interests of justice. Moreover, in view of a stipulation by the Assistant District Attorney, there is no need for a hearing (cf. CPL 210.40; *People v Clayton,* 41 AD2d 204). Rabin, J. P., Gulotta, Cohalan and Margett, JJ., concur.