OPINION OF THE COURT
Jones, J.
The lack of probable cause to sustain the custodial detention and transportation of one defendant operates to vitiate his ensuing consent to the search of the defendants’ apartment. As to the other defendant, however, that consent is valid. The evidence seized in the apartment should therefore be suppressed as to one defendant but not as to the other.
Based on a radio call that a burglary was in progress at the Mercury Radio and Battery Company received about 4:00 A.M. on December 6, 1976 the police proceeded to the scene. About one block away defendant Jim Henley, Jr., was observed walking from a yard onto the street with nothing in his hands. With gun drawn one of the officers, Officer Szczur, stopped him and asked where he was going. Szczur testified that Henley, Jr., replied that he was going to buy a loaf of bread.[1]
*406 Officer Szczur asked Henley, Jr., to get into the patrol car and drove him to the scene of the burglary. When no officers were found there, Henley, Jr., was asked where he lived and he informed Szczur that he lived at 24 Spiess Street. Henley, Jr., stated that he could verify the fact that he did live there and that he was on an errand for a loaf of bread.
Officer Szczur took Henley, Jr., to 24 Spiess Street. After it appeared that he did not live on the ground floor, Henley, Jr., said that he actually lived upstairs, and they proceeded to the second floor. Other police officers then arrived and Henley, Jr., was placed under arrest. In response to a request from the police, Henley, Jr., consented to their entry into the upstairs apartment. Defendant Willie Norman Henley, Henley, Jr.’s, brother, was among those found to be present in the apartment.
Once in the apartment one of the officers saw a marijuana cigarette on an end table. As he picked up the cigarette he happened to look into a cubbyhole area, the door to which was half open, and saw various boxes which had the stamping or printing of the name of Mercury Radio and Battery Company on them. The police thereupon seized this physical evidence.
Jim Henley, Jr., and Willie Norman Henley were indicted for burglary in the third degree and grand larceny in the third degree. Willie Norman Henley was also charged with criminal possession of a controlled substance in the seventh degree. Under another indictment relative to a separate incident which occurred on November 27,1976, Willie Norman Henley was further charged with possession of burglar’s tools and attempted burglary in the third degree. Following denial of defendant’s motions to suppress the physical evidence seized at 24 Spiess Street, Jim Henley, Jr., pleaded guilty to attempted burglary in the third degree in full satisfaction of .all charges against him, and Willie Norman Henley pleaded guilty to grand larceny in the third degree in full satisfaction of the charges against him *407 arising out of the events of December 6, 1976. Willie Noman Henley also pleaded guilty to criminal trespass in the second degree in full satisfaction of the charges relative to the November 27, 1976 incident.[2] On appeal the Appellate Division in three separate orders affirmed all judgments of conviction of both defendants. We now affirm the convictions of Willie Noman Henley and reverse the conviction of Jim Henley, Jr.
While there was sufficient evidence to find that Officer Szczur was warranted, on the basis of reasonable suspicion, to stop Henley, Jr., and to inquire what he was doing on the street at that time in the morning, no action on the part of Henley, Jr., in the circumstances furnished probable cause to take him into custody and then, after proceeding to the scene of the burglary, to take him on to where he lived at 24 Spiess Street. That Henley, Jr., was observed entering the street from a yard about a block away from the reported burglary in no way provided evidence of his commission of the crime. While his . statement that he was out to buy bread was sufficient to arouse Officer Szczur’s suspicion because the officer knew of no stores in the area which were open at that time of night, it did not provide probable cause to link Henley, Jr., to the burglary at Mercury Radio and Battery Company.
The custodial detention and transportation having violated Henley, Jr.’s, constitutional rights to be free from unreasonable seizure, his subsequent consent to the police to enter the upstairs apartment was fatally tainted. Without effective consent from Henley, Jr., the police entry into the Henley apartment was illegal, and the seizure of the boxes violated the constitutional rights of Henley, Jr., to be free from unreasonable searches and seizures. The evidence seized therefore should have been suppressed as to him.
With respect to defendant Willie Norman Henley the legal situation is otherwise. He has no standing to challenge the illegality of his brother’s custodial detention or *408 transportation. Deprived of that premise, he has no other basis to question the validity of the consent given by Henley, Jr., to the police to enter the Henley apartment. Except for the fact of the illegality of his detention, there is no predicate in the record for us to conclude that Henley, Jr.’s, consent was involuntarily given. In this circumstance, the entry of the police into the Henley apartment was duly authorized as to Willie Norman Henley and the consequent seizure of the physical evidence did not violate any of his constitutional rights.
Accordingly, the two orders affirming the judgments of conviction of defendant Willie Norman Henley should be affirmed, and the order affirming the judgment of conviction of defendant Jim Henley, Jr., should be reversed, his plea vacated, the physical evidence seized at 24 Spiess Street suppressed as to him, and his case remitted to Supreme Court for further proceedings on the indictments against him.

. At the suppression hearing a minor discrepancy appeared when Henley, *406 Jr., testified that he had responded that he was going to buy butter. There was no testimony, however, that on the night he was arrested Henley, Jr., had given varying answers to the police questioning.

. No argument is advanced on this appeal for reversal of the judgment of conviction based on this separate, unrelated plea. Accordingly, the order of the Appellate Division affirming that judgment should be affirmed.