OPINION OF THE COURT
Harvey W. Sherman, J.
The defendant is charged with several violations and misdemeanors all of which arose out of various incidents occurring in July and August of 1975. He moves to dismiss the informations on the ground that his statutory right to a speedy trial has been denied. In rendering its decision, the court has assumed that the allegations of the defense counsel are true.
Shortly after the commencement of these actions, the defendant absconded to Florida where he committed an offense unrelated to the within prosecution. He was convicted arid sentenced to 18 months in jail. During his incarceration, the Suffolk County Sheriff attempted to execute a bench warrant issued upon the defendant’s failure to appear for trial. At that time the Sheriff was informed by the defendant’s father of the defendant’s incarceration in Florida. No attempt to extradite the defendant was made.
Subsequently the defendant returned to New York and in April, 1981 was arrested on the outstanding warrants. He contends that the People’s failure to extradite him from Florida denied him his statutory right to a speedy trial.
*814 The People do not dispute that the defendant was not brought to trial within the 90 days required by CPL 30.30 (subd 1). Rather, they contend that the speedy trial time was tolled during the defendant’s absence from the jurisdiction.
CPL 30.30 (subd 4, pars [c], [e]) provide for the exclusion of the following periods from the time within which a defendant must be brought to trial:
“(c) the period of delay resulting from the absence or unavailability of the defendant. A defendant must be considered absent whenever his location is unknown and he is attempting to avoid apprehension or prosecution, or his location cannot be determined by due diligence. A defendant must be considered unavailable whenever his location is known but his presence for trial cannot be obtained by due diligence; ***
“(e) the period of delay resulting from detention of the defendant in another jurisdiction provided the district attorney is aware of such detention and has been diligent and has made reasonable efforts to obtain the presence of the defendant for trial”.
Research has revealed no reported cases applying the due diligence and reasonable efforts requirements of this section to an action involving only misdemeanors. However, the Court of Appeals has stated that CPL 30.30 should be interpreted literally irrespective of the impracticality of the result (People v Brothers, 50 NY2d 413, 418). Thus, this court will apply the statute in accordance with the plain meaning of the language employed by the Legislature.
The defendant cannot be considered absent or unavailable within the contemplation of CPL 30.30 (subd 4, par [c]). Mere imprisonment in another jurisdiction does not relieve the People of their obligation to proceed with the prosecution of the defendant (People v Donohue, 66 AD2d 801; People v White, 51 AD2d 221). They must make a good-faith attempt to secure the defendant’s presence for trial either by commencing formal proceedings (see CPL arts 570, 580; 2 Waxner, NY Crim Prac, pars 10.6, 10.21) or by making a sincere request from the sister State authorities *815 (People v White, supra). No such effort was made here and therefore the defendant was not unavailable within the statutory definition. Further, under the statute, a defendant who is attempting to avoid prosecution is not “absent” unless his location is unknown. Since the police were aware of the defendant’s whereabouts, the defendant was not “absent.”
Nor is the exclusion in CPL 30.30 (subd 4, par [e]) of any benefit to the People. Knowledge by the police of the defendant’s whereabouts is imputed to the District Attorney (People v McLaurin, 38 NY2d 123; see, also, People v Spruill, 47 NY2d 869), and therefore the District Attorney was required to make reasonable efforts to obtain the defendant’s presence before this statutory exception would apply (People v Russo, 78 AD2d 557; People v. Donohue, supra). As previously stated, no efforts were made by the People.
Accordingly, it is this court’s conclusion that the speedy trial time was not tolled and the defendant has not been brought to trial within the time required by CPL 30.30 (subd 1). In so holding, the court is mindful of the People’s justifiable concern over expending their limited resources to secure the presence of a defendant charged only with a misdemeanor. Nevertheless, the Legislature did not distinguish between misdemeanors and felonies in CPL 30.30 (subd 4), and therefore it would be improper for this court to do so. However, since the defendant’s allegations were on information and belief, the court will not dismiss the informations at this time but will hold a hearing to determine whether and at what time the police were actually informed of the defendant’s whereabouts.