■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOSEPH MUCCIOLO, Respondent. — Appeal by the People from an order of the Supreme Court, Kings County (Scholnick, J.), dated December 22, 1981, which, after a hearing, granted defendant's motion to dismiss indictment No. 3278/79 on the ground that he had been denied his right to a speedy trial.

Order reversed, on the law and the facts, motion denied, indictment No. 3278/79 reinstated, and matter remitted to Criminal Term for further proceedings.

Upon defendant's motion to dismiss his indictment for failure to bring him to trial within six months pursuant to CPL 30.30 (subd 1, par [a]), Criminal Term ruled that the entire period from January 12, 1981, when the People purportedly learned of defendant's incarceration in Federal prison, until April 16, 1981, when he was returned to Kings County, or 94 days, was chargeable to the People. The court further ruled that the period from July 7, 1981, the date to which the matter was adjourned by defendant, until November 19, 1981, when the People admittedly announced their readiness for trial, 135 days, was likewise chargeable to the People. Calculating the delay chargeable to the People as being "five months, 75 days" Criminal Term

accordingly granted defendant's motion to dismiss the indictment. We reverse.

Criminal Term committed no error in charging the People with the delay between July 7, 1981 to November 19, 1981; indeed, in failing to address this time period in their brief, the People implicitly concede their responsibility for this 135-day delay. Nor do we find any error in charging the People with the period from January 12, 1981, when they learned of defendant's incarceration, until at least February 25, 1981, when they made a formal request for custody by lodging a warrant as a detainer. Although the People assert that they made a diligent effort to secure defendant for trial during this time period, they fail to substantiate their claim.

As respects the period from February 25, 1981 to April 16, 1981, however, we find that Criminal Term committed several errors, resulting in an erroneous attribution of this time to the People. First, contrary to Criminal Term's findings that the People merely lodged a detainer with the Federal authorities and failed to complete the procedure under the agreement on detainers (CPL 580.20), the fact is that on February 25, 1981, the People secured a warrant and a request for temporary custody, which was forwarded to the Federal institution where defendant was incarcerated. Here, unlike *People v Partman* (70 AD2d 814), cited by Criminal Term, the requirements of the agreement on detainers was fully complied with, and the excludable period correctly began on February 25, 1981. Moreover, in a letter dated March 6, 1981, Federal authorities acknowledged receipt of the custody request, informed the People that defendant was contesting his extradition and had been granted a 30-day period to do so, and further advised that they would contact the People at the end of this 30-day period which was to expire on April 4, 1981. Although defendant testified at the hearing that he did not contest his extradition, this is of little moment, which Criminal Term apparently failed to perceive since the statute requires "a period of thirty days after receipt [of the request] by the appropriate authorities" to permit the sending State as well as the defendant to question the detainer (CPL 580.20, art IV, subd [a]). Furthermore, contrary to Criminal Term's view, it was only after the People received the necessary "Offer to Deliver Temporary Custody" from the Federal authorities that defendant was available to the People. In accordance with this offer received on April 13, 1981, defendant was picked up by the designated State agents on April 16, 1981, a reasonable time for these arrangements (CPL 30.30, subd 4, par [e]).

When the period from February 25, 1981 to April 16, 1981 is properly excluded, the addition of the 44-day delay between

January 12, 1981 and February 25, 1981 and the 135-day delay between July 7, 1981 and November 19, 1981 yields a delay of 179 days, which is within the six-month limitation contained in CPL 30.30 (subd 1, par [a]).

Finally, we note that defendant contended at oral argument of this appeal that indictment No. 3278/79 must also be dismissed because the People failed to comply with the 120-day rule contained in CPL 580.20 (art IV, subd [c]). This argument was never raised before Criminal Term, where defendant's motion to dismiss was predicated solely on the People's alleged failure to comply with the six-month rule contained in CPL 30.30 (subd 1, par [a]). Although "a respondent may proffer in support of affirmance any legal argument that may be resolved on the record, regardless of whether it has been argued previously", the matter must be "one which could not have been countered by the appellant had it been raised in the trial court" (*Sega v State of New York,* 60 NY2d 183, 190, n 2). Here, had the People been faced with a challenge premised on the 120-day rule, they conceivably would and could have "dug deeper" to present evidence at the hearing for excluded additional days. Under these circumstances, where the People might have been able to overcome the challenge had it been urged at nisi prius, we decline to consider it for the first time on appeal (see *Nicholson v Greeley Sq. Hotel Co.,* 227 NY 345, 349 [Cardozo, J.]). Titone, J. P., Lazer, Mangano and O'Connor, JJ., concur.