■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFRED LEFTWICH, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Schneier, J.), rendered February 22, 1983, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

It appears from the record that the People fully complied with the requirements of CPL 580.20 (the Agreement on

Detainers), in attempting to obtain the defendant from the Federal prison in which he was held following his arrest. By their action the People demonstrated diligence and reasonable efforts to secure the defendant (see, People v Mucciolo, 104 AD2d 905, 906). Consequently, the period of time from the defendant's indictment on the instant charge, in October 1981, until his arraignment on said charge in March 1982 is excludable from the time period chargeable to the People, and the defendant was not denied his right to a speedy trial (CPL 30.30 [1] [a]; [4] [e]). The mere fact that the People proceeded under CPL 580.20 rather than CPL 580.30 does not indicate a lack of diligence or reasonable efforts, especially in light of the testimony of a Federal Administrator for the Bureau of Prisons, who stated that the defendant would not have been released from Federal custody until the Federal parole revocation hearing had been concluded. The refusal of the Federal authorities to cooperate will not be charged to the People (see, People v Lowman, 102 AD2d 896). Niehoff, J. P., Kunzeman, Kooper and Sullivan, JJ., concur.