■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

ANTHONY RUGGIANO, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Rohl, J.), rendered March 20, 1987, convicting him of bail jumping in the third degree, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial (McInerney, J.), without a hearing, of the defendant's motion to dismiss the indictment pursuant to CPL 30.30 and 30.20.

Ordered that the judgment is reversed, on the law, the motion is granted, the indictment is dismissed, and the matter is remitted to the County Court, Suffolk County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

On November 16, 1983, following an unsuccessful appeal on an unrelated charge, the defendant failed to surrender to authorities to begin serving his sentence. A bench warrant was issued for his arrest and on May 11, 1984, the defendant was indicted for bail jumping in the third degree.

On May 24, 1984, the defendant was arrested in Florida on an unrelated Federal charge. The following day, the Suffolk County Police Department forwarded detainer warrants on both the conviction from which the defendant absconded and the bail jumping indictment, to the office of the United States Marshal in Miami, Florida. The record reflects that Suffolk County authorities had no further contact with the Federal authorities until September 21, 1984, when another set of detainer warrants were forwarded to the United States Bureau of Prisons at the Metropolitan Correctional Center in Miami, Florida. It was not until October 30, 1984, that the Suffolk County authorities first discussed the possible return of the defendant with the Federal authorities in Florida.

Following an extensive period of delay the defendant moved to dismiss the bail jumping indictment against him pursuant to CPL 30.20 and 30.30. The Supreme Court, Suffolk County (McInerney, J.), denied the motion and thereafter the defendant was tried, at his own request, in absentia, and convicted of bail jumping in the third degree.

The crime of bail jumping in the third degree is a class A misdemeanor, and, pursuant to CPL 30.30 (1) (b), the prosecution was required to announce its readiness for trial within 90 days. The period of time from the filing of the indictment until the lodging of the arrest warrant in Florida was excludable under CPL 30.30 (4) (c). However, once the Suffolk County authorities were aware of the defendant's arrest in Florida on Federal charges, they were required to act with diligence to

make reasonable efforts to effectuate his return, in order to exclude the time *(see,* CPL 30.30 [4] [e]).

We find, contrary to the determination of the hearing court, that the evidence was insufficient to establish that the efforts made by the police and the District Attorney's office were sufficient to satisfy the standard of due diligence under CPL 30.30 (4) (e) *(cf., People v Leftwich,* 126 AD2d 748; *People v Mucciolo,* 104 AD2d 905, 906). Therefore, the period from May 25, 1984 to October 30, 1984, 158 days, should have been included in the CPL 30.30 time computation and the defendant's motion to dismiss the indictment should have been granted *(see, People v Canty,* 118 AD2d 816; *People v Manley,* 63 AD2d 988).

In view of our decision on the CPL 30.30 issue, we have not reached the defendant's claims under CPL 30.20 and as to the excessiveness of the sentence. Mollen, P. J., Rubin, Kooper and Sullivan, JJ., concur.