■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENJAMIN KOU SMITH, Appellant.—Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him, after a jury trial, of sexual abuse in the first degree, defendant raises several issues of which we address only two. He contends that the trial court erred in denying his motion to dismiss the indictment on speedy trial grounds (CPL 30.30) and that it erred in denying his motion to suppress evidence because he was arrested without probable cause.

Defendant was arrested on October 17, 1983 and was not arraigned on the indictment until June 5, 1984 when the People announced their readiness for trial. Since defendant established that the period of delay exceeded the statutory six months, the burden shifted to the People to show that some of that period should be excluded *(see, People v Santos,* 68 NY2d 859; *People v Lomax,* 50 NY2d 351). The People are entitled to exclude "the period of delay resulting from detention of the defendant in another jurisdiction provided the district attorney is aware of such detention and has been diligent and has made reasonable efforts to obtain the presence of the defendant for trial" (CPL 30.30 [4] [e]). After defendant's arrest a Federal detainer was lodged against him and he was subsequently taken into Federal custody and transported to a Federal penitentiary. In order to obtain custody over defendant, the People complied with the procedures to secure attendance of defendants confined as prisoners in other jurisdictions (Agreement on Detainers, CPL 580.20). They secured a warrant, requested custody and forwarded the necessary papers to Lewisburg Penitentiary on January 26, 1984. Thereafter, the prosecutor maintained contact with the Federal authorities until defendant's release was secured on May 29, 1984. On these facts, we find that the prosecutor used diligence and exercised reasonable efforts to secure defendant's

return *(cf., People v Leftwich,* 126 AD2d 748; *People v Mucciolo,* 104 AD2d 905).* Consequently, the period from January 26, 1984 until defendant was arraigned on June 5, 1984 was not chargeable to the People. Defendant's assertion that the People lacked due diligence because they failed to utilize the procedure set forth in CPL 580.30, rather than in CPL 580.20, is without merit. Either method authorized by CPL article 580 may be utilized and neither method is superior *(see, People v Leftwich, supra,* at 749).

Defendant's motion to suppress evidence on the grounds that the police lacked probable cause to arrest him was properly denied. The evidence at the suppression hearing established that, during the early morning hours of October 17, 1983, 15-year-old Patricia Campbell had completed delivering newspapers on her carrier route and was returning home. She was grabbed from behind and sexually abused. Within minutes, at 6:18 A.M., Police Officer Muscolino, who was in the vicinity of the crime, received a radio dispatch about the incident which described the suspect as a black male, 5 feet, 5 inches in height, with a thin build and a long beard. At approximately 6:50 A.M., Muscolino observed defendant, who matched the description. When defendant saw the police officer, he quickened his pace. The officer told defendant to stop but instead, he increased his gait, walking in the opposite direction. When the officer got out of his car, defendant started running, but Muscolino stopped him within seconds. Defendant told the officer that he was late for work at a nearby furniture store; however, the officer observed that defendant had already gone 200 feet past the store when he started to run. Muscolino noticed an object on defendant's person which a frisk revealed to be a hammer. When Muscolino told defendant to get in the car, defendant refused. The officer displayed a nightstick and advised defendant to get in the car voluntarily or he would be placed inside forcibly. Defendant entered the car without the use of force and was transported to the victim's home where she made a positive identification. Defendant was then arrested.

Officer Muscolino had a right to stop defendant and make further inquiries because he had a well-founded suspicion that a crime had occurred and that defendant might have been involved *(see, People v De Bour,* 40 NY2d 210, 215; *People v Cantor,* 36 NY2d 106).* Contrary to defendant's claim, there was no "de facto" arrest at the time he entered the police car. On the facts presented here, we find that it was permissible for the police officer, having made a lawful stop, to detain

defendant and transport him to the crime scene for possible identification in the absence of probable cause *(see, People v Hicks,* 68 NY2d 234). Here, as in *Hicks,* the police officer knew that a crime had been committed; the period of detention was 10 minutes or less; the crime scene was a short distance from the place at which defendant was stopped; the crime victim was at her home which was near the location at which defendant was stopped; and, with the exception of the threat of force, there was no showing that a less intrusive means was available to accomplish the same purpose. Defendant was not handcuffed or interrogated and he testified that Muscolino told him why he was being detained. Given all of the above circumstances, the detention and transportation of defendant did not constitute an arrest requiring probable cause.

We have reviewed defendant's remaining contentions and find them to be lacking in merit. (Appeal from judgment of Supreme Court, Monroe County, Bergin, J—sexual abuse, first degree.) Present—Denman, J. P., Boomer, Pine, Lawton and Davis, JJ.