Hancock, Jr., J.
(concurring). I cannot agree with the Appellate Division that People v Hicks (68 NY2d 234) permitted the police, without probable cause, to use aggressive force to detain defendant for the purpose of transporting him to the victim’s home for identification (contrast, People v Battaglia, 56 NY2d 558, revg on dissent below 82 AD2d 389 [illegal seizure, absent probable cause, to handcuff defendant and place him in police vehicle while attempting to establish probable cause]; and People v Henley, 53 NY2d 403 [illegal seizure, absent probable cause, to confront defendant with gun, handcuff him, and transport him to crime scene to obtain probable cause], with People v Hicks, supra, at 240 [distinguishing Battaglia and Henley, and holding that there was a legal seizure, absent probable cause, only because "Defendant was not handcuffed, there was no show of force, he was permitted to park the car nearby before accompanying the police, he was not taken to the police station, the total time and distance involved were very brief, he was told the specific, limited purpose of the detention, and no information was asked of him after the initial inquiry”]). I concur, however, with the result because, although not argued before the suppression court, the circumstances here (see, 138 AD2d 972, 973) created a level of suspicion which, in my view, constituted probable cause, as a matter of law, so as to justify the intrusion.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander and Bellacosa concur; Judge Hancock, Jr., concurs in result in an opinion in which Judge Titone concurs.
Order affirmed in a memorandum.