■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERALD FREEMAN, Appellant. (Appeal No. 1.)—Judgment unanimously reversed on the law, defendant's motion for suppression granted and new trial granted. Memorandum: Even were we to assume that the initial stop and frisk of defendant was supported by reasonable suspicion, the subsequent actions of the officer rendered an otherwise valid stop invalid *(see, People v Hicks,* 68 NY2d 234, 238). In *Hicks,* the Court of Appeals concluded that if the conduct of the police during a stop and frisk reaches a sufficiently high level of intrusion, it would be deemed a de facto arrest. The standard for determining whether a de facto arrest has taken place is not the subjective belief of the arresting officer, nor is it the subjective belief of defendant. We must look to " 'what a reasonable man, innocent of any crime, would have thought had he been in the defendant's position' " *(People v Hicks, supra,* at 240, quoting *People v Yukl,* 25 NY2d 585, 589, *cert denied* 400 US 851). In our view, under the present facts, an innocent man in defendant's position reasonably would have believed that he was under arrest when the officer confiscated the items he was carrying, placed them on the dashboard of the patrol car, and then told defendant to get into the back seat. It is illogical to conclude that defendant would feel he was free to go once his property had been taken from him.

Moreover, defendant was detained in the police car for at least 20 minutes while the officer made various radio inquiries to ascertain whether the property defendant was carrying might have been stolen. Defendant was not told by the officer why he was being detained and he was continually interrogated without the benefit of *Miranda* warnings once he was in the police car. The officer testified that defendant had been detained in his vehicle for at least 40 minutes before the victim of the robbery identified the property. This detention clearly exceeded the type of limited detention approved by the Court of Appeals in *Hicks (supra; see also, People v Smith,* 138 AD2d 972). Thus, defendant's motion to suppress should have

been granted. (Appeal from judgment of Monroe County Court, Connell, J.—burglary, first degree, and other charges.) Present—Dillon, P. J., Doerr, Green, Pine and Davis, JJ.