*95 OPINION OF THE COURT
Virginia E. Yancey, J.
The respondents, Lydell J. and Taseem D., are charged in separate proceedings with acts which if committed by an adult would constitute the crimes of criminal possession of a weapon in the second degree (Penal Law § 265.03), criminal possession of a weapon in the third degree (Penal Law § 265.02 [4]), criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [1]), criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [2]), and unlawful possession of weapons by persons under 16 (Penal Law § 265.05).
The presentment agency filed the instant petitions against Lydell J. and Taseem D. on February 1, 1991 and February 22, 1991 respectively. In each proceeding the respondent failed to appear and a warrant was issued for Lydell J. on March 4, 1991 and for Taseem D. on June 4, 1991. Several "special circumstance” adjournments were requested and granted. The presentment agency thereafter ascertained that both Lydell J. and Taseem D. were detained on unrelated charges, the former within this State in Erie County and the latter in the State of Connecticut. The court was so informed as to each respondent on September 18, 1991 and August 21, 1991. Warrants were subsequently lodged with the county jails. However, no other affirmative action was taken to secure the respondents’ presence before the court.
The court is called upon to decide two motions requesting dismissal of the petitions for failure to afford each respondent a speedy trial. (Family Ct Act §§310.2, 340.1.) The presentment agency opposes the motions and requests the court to grant still another "special circumstance” adjournment. The specific issue before the court is whether or not Lydell J.’s incarceration within this State and Taseem D.’s incarceration in another State constitute "special circumstances” warranting adjournments pursuant to Family Court Act § 340.1.
Family Court Act § 340.1 does not automatically require dismissal of all cases in which the 60 days’ time limitation genuinely cannot be met. The statute as written by the Legislature has a built in degree of flexibility. It provides for adjournments in the event of "good cause shown” or "special circumstances.” "[Wjhether a particular event or set of events constitutes 'good cause’ or 'special circumstances’ — obviously, a more stringent standard — is a matter that must be decided on a case-by-case basis, with due regard to the stated legisla *96 tive goal of prompt adjudication.” (Matter of Frank C., 70 NY2d 408, 414 [1987].) In fact, in Frank C. the Court of Appeals dismissed the petition as the adjournments were not based on "good cause” or "special circumstances”.
One of the purposes of a juvenile delinquency proceeding is rehabilitation of the respondent through consideration of the needs and interests of the child. This purpose is furthered by the speedy trial provisions which assure swift and certain determinations of the juvenile delinquency proceedings. (Matter of Randy K., 77 NY2d 398 [1991].)
The respondent has a right to a speedy trial even if a warrant has been issued because of his nonappearance. In Randy K. (supra) the respondent failed to appear at the scheduled fact-finding hearing and a warrant was issued for his arrest. Prior to the respondent being involuntarily returned, 150 days had elapsed without the presentment agency requesting an adjournment pursuant to Family Court Act § 340.1. A respondent’s failure to appear does not relieve the presentment agency of its obligation to comply with the requirements of Family Court Act § 340.1. The adjournments must be requested and must be based on "good cause” or "special circumstances” otherwise dismissal of the petition is mandated. These requirements insure that a respondent is afforded a speedy trial within 60 days.
The motion papers and responses thereto contain arguments as to whether the Family Court Act and the Criminal Procedure Law (CPL) speedy trial provisions are analogous. The court finds that these are inapplicable. However, the CPL, specifically section 30.30 (4) (c) and (e), serve definitional and instructive purposes and may assist the court in determining "good cause shown” and "special circumstances”. CPL 30.30 (4) (c) states, exclude "the period of delay resulting from the absence or unavailability of the defendant * * * A defendant must be considered absent whenever his location is unknown and he is attempting to avoid apprehension or prosecution, or his location cannot be determined by due diligence. A defendant must be considered unavailable whenever his location is known but his presence for trial cannot be obtained by due diligence”. Subdivision (e) states that "the period of delay resulting from detention of the defendant in another jurisdiction [is excluded] provided the district attorney is aware of such detention and has been diligent and has made reasonable efforts to obtain the presence of the defendant for trial.”
*97 These provisions of the CPL place the responsibility for exercising "due diligence” and "reasonable efforts” upon the District Attorney. The District Attorney and presentment agency play similar roles in the prosecution of cases. Thus, the court finds that these responsibilities are shared by the presentment agency. If one of the purposes of the juvenile delinquency proceeding is rehabilitation and therefore, there exists a need to make swift determinations, then it would appear ludicrous to allow the presentment agency to know the respondent’s whereabouts and sit idly by as time continues to elapse without making diligent efforts to secure the respondent’s presence before the court. Juvenile delinquency proceedings do not deal with "tolling” per se, however, we can look at the underlying actions on the part of the District Attorney which warrant "tolling” as guidance in determining what may or may not constitute "special circumstances”.
The presentment agency cites People v Mucciolo (104 AD2d 905 [1984]) for their position that once a warrant is lodged the speedy trial limitations are tolled. However, in that case the People did more than lodge the warrant; they followed the correct procedure to secure defendant’s presence in court. In other words, they exercised due diligence in doing what was necessary to have the defendant produced for trial.
The statutory requirement that the District Attorney be "diligent” and make "reasonable efforts” to obtain the presence of the defendant for trial is not satisfied by the mere filing of a detainer (People v Billups, 105 AD2d 795 [1984]). In that case, the court found no evidence that the District Attorney utilized the statutory procedure for securing the attendance of a defendant confined in an institution located in another county within the State.
Furthermore, mere imprisonment in another jurisdiction does not relieve the People of their obligation to proceed with the prosecution of a defendant. They must make a good-faith attempt to secure the defendant’s presence for trial either by commencing formal proceedings or by making a sincere request from the sister State authorities. (People v Jensen, 109 Misc 2d 813 [1981].)
Upon appropriate authorities becoming aware of a defendant’s arrest they are required to act with diligence to make reasonable efforts to effectuate his return. (People v Ruggiano, 135 AD2d 588 [1987].) The court found that the efforts made by the police and the District Attorney were insufficient to *98 satisfy the standard of due diligence. Thus, the time was chargeable to the People and not tolled.
A warrant for Lydell J.’s arrest was lodged with the county jail in Erie County. No other affirmative action was taken by the presentment agency to secure respondent’s presence for trial even though he was detained within the State of New York. The court finds that absent a showing that the presentment agency was "diligent” and exercised "reasonable efforts” to secure respondent’s presence for trial a "special circumstance” adjournment pursuant to Family Court Act § 340.1 is not warranted. Thus, the warrant is vacated and the petition dismissed.
The court now turns to whether Taseem D.’s incarceration in Connecticut is sufficient to warrant such an adjournment pursuant to Family Court Act § 340.1.
The provisions of the Criminal Procedure Law do not apply to article 3 proceedings unless the applicability is specifically prescribed. (Family Ct Act § 303.1.) Thus, the Uniform Criminal Extradition Act contained in CPL article 570 does not apply to juvenile delinquency proceedings as its applicability has not been specifically prescribed. However, the Interstate Compact on Juveniles contained in McKinney’s Unconsolidated Laws of NY § 1801 (L 1955, ch 155, § 1, as amended) is applicable and provides the procedure by which a juvenile confined in another State may be returned to the requesting State.
The presentment agency argues that it has complied with the dictates of Randy K. (supra), as it "dutifully requested a special circumstance adjournment every thirty (30) days” and has "made every effort to keep the Court fully informed of the respondent’s whereabouts.” Additionally, it is argued inasmuch as Randy K. (supra) does not discuss "extradition proceedings”, it should not be extended to include such circumstances.
The Court of Appeals need not have specifically mentioned this fact pattern. Its reasoning for rejecting an adjournment of unlimited duration clearly supports the argument that the presentment agency has an affirmative duty to make diligent and reasonable efforts to secure a respondent’s presence in court. The Randy K. court stated an adjournment of unlimited duration would suggest that the presentment agency and the court could do nothing until the warrant was executed and the respondent returned. "The proceeding could languish in *99 the docket of Family Court. There would be no sanction. The agency would have no incentive to proceed and the court no responsibility for monitoring the case and inquiring into the reasons for the delay.” (Matter of Randy K., 77 NY2d, supra, at 404.)
The presentment agency was under an obligation to diligently attempt to secure Taseem D.’s presence in court. The procedure by which it could have accomplished this is clearly set forth in the Interstate Compact on Juveniles to which the New York State Division for Youth is liasion. The Compact mandates that a written requisition for the return of the respondent be made to the State where he/she is located. It shall be verified by affidavit, executed in duplicate and be accompanied by two copies of the petition. One copy is to be filed with the Compact administrator of the demanding State. Once the whereabouts of a respondent become known to the presentment agency, it serves no purpose to merely continuously inform the court, on each adjournment, that the respondent continues to remain where he was on the last court date.
Accordingly, the court finds that the presentment agency failed to make diligent and reasonable efforts to secure the presence of the respondent in court. Thus, an additional special circumstance adjournment pursuant to Family Court Act § 340.1 is not warranted. The warrant is vacated and the petition dismissed.