(September 22, 1994)

■ In the Matter of LANCE W., a Person Alleged to be a Juvenile Delinquent, Appellant. [616 NYS2d 594] —Order, Family Court, New York County (Leah Marks, J.), entered March 26, 1993, which adjudicated respondent a juvenile delinquent upon a fact-finding determination that he committed acts, which, if committed by an adult, would constitute the crime of attempted robbery in the third degree, and placed him with the New York State Division for Youth for a period of 18

months, unanimously reversed, on the law, and the petition dismissed, without costs.

The Family Court erred both in adjourning the proceedings on January 13 and 15, 1993 without noting any "special circumstances" on the record on those dates or on the date it considered the motion to dismiss, and subsequently, in denying the motion to dismiss. Each adjournment was the result of a "[s]uccessive motion" within the meaning of Family Court Act § 340.1 (6) requiring a finding of "special circumstances" *(Matter of Nakia L.,* 81 NY2d 898; *Matter of Randy K.,* 77 NY2d 398).

Moreover, we find no special circumstances present to justify either adjournment. The January 13 adjournment was for the presentment agency to find and produce respondent in court from a State detention facility, where he had been in custody since December 12, 1992, three days before the previous adjourn date. Although he was found, he was not produced, and the January 15 adjournment was once again for the production of respondent. This adjournment was made unilaterally by the court, despite the absence of the assigned Assistant Corporation Counsel, and without the requisite motion by the presentment agency, mandated under section 340.1 *(see, Matter of Carlos T.,* 187 AD2d 38, 41, citing *Matter of Randy K., supra).* Respondent was finally produced in court on January 19, 1993.

Without substantial explanation, an adjournment to obtain the presence of an incarcerated juvenile for trial has been found inadequate to meet the "good cause" standard for adjournment under subdivision (4) of Family Court Act § 340.1 *(see, Matter of Detrece H.,* 164 AD2d 306); consequently such adjournment cannot satisfy that section's higher "special circumstances" standard in subdivision (6) for successive adjournments of fact-finding hearings *(Matter of Lydell J.,* 154 Misc 2d 94).

We have considered respondent's other arguments and find them to be without merit. Concur—Murphy, P. J., Carro, Rubin and Williams, JJ.