(January 3, 2002)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TASHANO JENKINS, Appellant. [735 NYS2d 647] —Crew III, J. Appeal from a judgment of the County Court of Schenectady County (Lawliss, J.), rendered May 25, 1999, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree.

On August 14, 1998, two City of Schenectady police officers were on surveillance in a marked police car when they observed defendant ride his bicycle to the intersection of Albany Street and Steuben Street in the City of Schenectady, Schenectady County, where a white car was parked. They further observed

the front seat passenger exit the car and hand defendant money in exchange for two plastic baggies, after which the passenger got back in the car and defendant rode off on his bicycle. The officers immediately stopped the car, at which time a baggie of crack cocaine was observed on the armrest of the passenger side of the car.* The officers then gave a description of defendant to fellow officers, who located defendant two blocks away on his bicycle. Defendant was returned to the patrol car where he was identified by the surveillance officers as the person who had engaged in the transaction observed earlier.

Defendant was indicted and charged with criminal possession of a controlled substance in the third degree and criminal sale of a controlled substance in the third degree and, following a jury trial, was convicted as charged. Defendant thereafter was sentenced as a second felony offender to concurrent indeterminate terms of imprisonment of 5 to 10 years. Defendant now appeals and we affirm.

Initially, we reject defendant's primary contention that the police lacked probable cause to arrest him. Quite simply, the observation of the exchange of a "type of package [the glassine bags] commonly associated with a drug transaction" for money in a drug-prone area establishes probable cause for arrest (*People v Graham*, 211 AD2d 55, 58, *lv denied* 86 NY2d 795). Here, the police made just such an observation and that, coupled with the observation of the bag of cocaine in the automobile stopped by the police, certainly established the necessary probable cause. In that regard, we also reject defendant's assertion that the stop of the car was illegal inasmuch as defendant may not assert another's Fourth Amendment rights (*see, People v Henley*, 53 NY2d 403, 407-408). We have considered defendant's remaining contentions, including his pro se assertion that he was denied effective assistance of counsel, and find them to be equally unavailing.

Mercure, J.P., Carpinello, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed.

---

* The second plastic bag was found in the passenger's shoe at police headquarters.