■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY SAIA, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant urges that robbery cannot be committed by threatening physical force for the purpose of retaining property acquired by trick or false pretenses. We disagree and we affirm the judgment of conviction.

By definition (Penal Law § 160.00), a person commits robbery:

"[W]hen, in the course of committing a larceny, he uses or threatens the immediate use of physical force upon another person for the purpose of:

1. * * * [O]vercoming resistance to the *taking* of the property or to the retention thereof immediately after the *taking".* (Emphasis added.)

A person commits larceny (Penal Law § 155.05 [1]) when: "[H]e wrongfully *takes,* obtains or withholds such property from an owner thereof." (Emphasis added.)

Defendant reasons that because the Legislature, in defining larceny, used the phrase "takes, obtains or withholds", it meant to distinguish between different types of larcenies and that when it used the word "taking" in defining robbery, it intended the same distinction. We find no indication that the Legislature so intended.

At common law, an essential element of the crime of larceny was a "trespass in the taking". Originally the concept was quite narrow, but it was gradually expanded and it was held that a "taking" occurred where, as here, a victim handed money to a wrongdoer with the understanding that it was to be used for a particular purpose, and the wrongdoer absconded (LaFave and Scott, Criminal Law § 90, at 664). Recently, the Court of Appeals in *People v Olivo* (52 NY2d 309,

318) found that a shoplifter, invited by the owner of a self-service store to carry about the merchandise on display, who thus obtained the property by consent, could nevertheless "take" the merchandise by going beyond the invitation and treating the merchandise in a manner inconsistent with the owner's rights. Thus, there is precedent for giving the term "taking" a broad meaning when used to define larceny.

We must construe the provisions of the Penal Law "according to the fair import of their terms to promote justice and effect the objects of the law." (Penal Law § 5.00.) The narrow construction advocated by defendant would neither promote justice nor effect the object of the law. We see no logical reason why the Legislature, in extending the definition of robbery to the use or threatened use of force for the purpose of retaining stolen property, intended to distinguish between a taking without consent of the owner and a taking with consent obtained by fraud. In both instances, the owner is privileged to retake his property by force, if he acts promptly (Prosser and Keeton, Torts § 22, at 137-139 [5th ed]; 1 Harper and James, Torts § 3.16, at 265-268 [1956]), and in both, the thief ought to be penalized if he uses or threatens to use force to prevent the retaking.

Defendant further contends that his conviction for robbery was improper because the threats were not made "immediately" after the taking. Not having raised this issue below, he has failed to preserve it for review (see, People v Dekle, 56 NY2d 835, 836), and we do not reach it in the exercise of our discretion.

Finally, we reject defendant's contention that the verdict was against the weight of the evidence. (Appeal from judgment of Niagara County Court, Hannigan, J.—robbery, third degree.) Present—Doerr, J. P., Boomer, O'Donnell, Pine and Schnepp, JJ.