■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MORGAN GOODMAN, Appellant.—Appeal by defendant from a judgment of the County Court, Westchester County (Cowhey, J.), rendered April 21, 1983, convicting him of grand larceny in the second degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

After an acquittal on charges including murder and robbery and a later reversal on appeal of a conviction for grand larceny (People v Goodman, 54 NY2d 451), the defendant was retried on the latter crime. The principal witness for the

prosecution at the second trial was one Robert Shafran, who had admitted his participation in the crime in exchange for a promise that the District Attorney would take no position as to his sentencing. The prosecution also called Robert Benedict and Robert Carpenter, who allegedly transported and accompanied Shafran and the defendant to the scene of the crime. Noting that the People's case rested largely on the credibility of these witnesses, defendant contends on this appeal that he was deprived of a fair trial since, *inter alia*, he was denied a full opportunity to cross-examine these witnesses on an element seriously affecting their credibility, namely, the alleged deals they had made with the District Attorney. We reject this contention.

The issue of any deals that these witnesses struck with the District Attorney was squarely before the jury for its consideration. Each of the witnesses was questioned on *direct* examination relative thereto, and Shafran in fact testified that he had admitted participation in the crime and agreed to testify at defendant's trial in return for the District Attorney's promise not to take a position on his sentencing. He further testified that he was ultimately sentenced to five years' probation.

Moreover, a review of the record reveals that the cross-examination of Shafran, which comprised some 26 transcript pages, was anything but unduly restricted. Defense counsel freely questioned him in regard to the agreement and elicited that he had been indicted, had been about to go to trial, had been advised as to possible sentences, and was ultimately given five years' probation which he completed early. Concededly, the Trial Judge cautioned defense counsel about bringing out the witness' youthful offender adjudication, but this was entirely proper (see, CPL 720.35; *People v Cook*, 37 NY2d 591, 595; *People v Vidal*, 26 NY2d 249, 253). Nor was defense counsel precluded from cross-examining Benedict and Carpenter as to their alleged agreements, and the court properly explained to the jury the nature of Grand Jury proceedings and witness immunity after defense counsel questioned Benedict as to a waiver of immunity upon testifying before the Grand Jury.

Under these circumstances, we find no undue curtailment of cross-examination and conclude that here, where the question of deals with the District Attorney was clearly before the jury for its consideration, defendant was not deprived of a fair trial.

We have reviewed defendant's remaining contentions and

find them to be without merit. Lazer, J. P., O'Connor, Niehoff and Kooper, JJ., concur.