■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILIP MORALES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lagana, J.), rendered January 3, 1985, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The evidence adduced at trial supported a finding that the defendant was the aggressor and was in no manner threatened by the decedent, who was seated on the pavement, having been knocked down by a blow from a "two-by-four" piece of wood by another attacker. While the decedent was so seated and bare-handed, the defendant came behind the decedent and held him with one hand while he plunged a knife into his back twice. The defendant then fled the area, giving his knife to a friend for safekeeping. Under such circumstance the jury's rejection of the defense of justification had a rational basis and should not be disturbed (see, People v Maldonado, 121 AD2d 400).

The defendant claims that he was deprived of a fair trial because of certain prejudicial remarks made by the prosecutor during summation. However, there was no objection or excep-

tion taken by the defendant, nor were any specific instructions requested. Under such circumstances the issue was not preserved for review as a matter of law and we decline to exercise our interest of justice jurisdiction with respect thereto *(People v Simmons,* 121 AD2d 579).

Finally, we note that the imposition of a sentence of 7 to 21 years' imprisonment was well within the sentencing court's discretion. Prior to the imposition of sentence defense counsel read the probation report, which stated that it could not be completed because the defendant had absconded, and he did not raise any objection. Under such circumstances, the defendant may not complain on appeal that the report was incomplete *(see, People v Sanchez,* 65 NY2d 436). Brown, J. P., Weinstein, Rubin and Spatt, JJ., concur.