■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER R., Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Harrington, J.), rendered June 28, 1985, adjudicating him a youthful offender, upon his plea of guilty to attempted burglary in the second degree and imposing sentence.

Ordered that the judgment is affirmed.

We find, contrary to the defendant's contention, that the facts recited by him at the plea allocution sufficiently evidenced that he intended to commit the crime charged and that he knowingly and intelligently waived his right to assert potential defenses, following discussions with counsel.

We further find that the sentencing court did not abuse its discretion in sentencing the defendant in absentia. The record reveals that the sentencing proceedings had been adjourned, on numerous occasions, and that the defendant had been advised that, if he failed to appear in court on the adjourned dates, the sentence could be imposed in his absence. Thus, the defendant was clearly apprised of the consequences of his failure to appear *(see, People v Parker,* 57 NY2d 136, 141). The defendant was present in court for the final adjournment, and was cognizant of his obligation to return to court on a specific

date (see, People v Smith, 66 NY2d 755). In addition, the record discloses that eight days prior to sentencing, the defendant had absconded from the rehabilitation center to which he was admitted pending the sentence and that neither his counsel nor his father were able to locate him (see, People v Sanchez, 65 NY2d 436). Accordingly, we conclude that, under the circumstances, it was appropriate to sentence the defendant in absentia and that he voluntarily waived his right to be present at that time (see, People v Corley, 67 NY2d 105, 109).

Equally unavailing is the defendant's assertion that the sentence imposed was harsh and excessive.

We have reviewed the defendant's remaining contention and find it to be devoid of merit. Mangano, J. P., Thompson, Lawrence and Eiber, JJ., concur.