■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MANUEL GRIFFIN, Also Known as FRANK CASTLE, Appellant.— Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hayes, J.), rendered December 20, 1979, convicting him of robbery in the first degree, robbery in the second degree and criminal possession of stolen property in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Evidence of a showup identification must be suppressed if it is found, under the totality of the circumstances, that the confrontation between the witness and the defendant was so unnecessarily suggestive and conducive to irreparable mistaken identification that the defendant was denied due process of the law (see, People v Smith, 38 NY2d 882). Less than ideal procedures may be tolerable in the interest of prompt identification especially if the defendant was apprehended in close temporal and spatial proximity to the crime scene (see, People v Love, 57 NY2d 1023; People v Digiosaffatte, 63 AD2d 703). The defendant has failed to establish that his on-the-scene showup identification by the complainant Roger Knights constituted an improper police procedure, especially since the showup was conducted in close temporal and spatial proximity to the commission of the alleged crime and since the police were justified in seeking an identification of possibly innocent persons on the premises.

The defendant has not demonstrated how the denial of his motion for a severance prejudiced his case. His conclusory allegations that codefendant Laron's conduct during trial denied him a fair trial are not supported by the record. Moreover, there was not a substantial difference in the quantity and quality of evidence which the People presented with respect to the defendant and to the codefendant such that a separate trial would have assisted the proper administration of justice (see, People v Snyder, 246 NY 491, 497; People v

*Bornholdt,* 33 NY2d 75, *cert denied sub nom. Victory v New York,* 416 US 905; *People v Kampshoff,* 53 AD2d 325, *cert denied* 433 US 911).

The defendant has also failed to demonstrate that genuine appealable issues exist in the missing pages of the trial transcript and that alternative methods of providing an adequate record were not available to him. Accordingly, he is not entitled to reversal of his conviction upon that ground *(see, People v Glass,* 43 NY2d 283; *People v Smalls,* 116 AD2d 675, *lv denied* 67 NY2d 890). Moreover, upon the exercise of our factual review power, we are satisfied that the evidence established the defendant's guilt beyond a reasonable doubt and that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

Contrary to the defendant's claim that he has been twice placed in jeopardy for the same offense, it is clear that his acquittal at his first trial of criminal possession of a weapon in the fourth degree and his subsequent conviction of robbery in the first and second degrees at this second trial did not violate this constitutional right *(see, People v Prescott,* 66 NY2d 216, *cert denied* 475 US 1150; *People v Rivera,* 60 NY2d 110). Neither robbery in the first degree nor robbery in the second degree charges concern the same offense as criminal possession of a weapon in the fourth degree within the meaning of the double jeopardy clause, since the Penal Law definitions of the robbery require proof of facts which are not necessary to establish the elements of criminal possession of a weapon in the fourth degree *(see, People v Prescott, supra; see, People v Artis,* 74 AD2d 644).

Finally, we find that the defendant waived his right to be present at his predicate felony hearing and sentence since the evidence presented at that hearing established that he knew when he refused to attend that the hearing court would proceed in his absence *(see, People v Corley,* 67 NY2d 105).

We have considered the defendant's remaining contentions and find them to be unpreserved for appellate review, and, in any event, to be without merit. Thompson, J. P., Brown, Eiber and Sullivan, JJ., concur.