■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAROLD J. LOCKWOOD, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Copertino, J.), rendered December 10, 1984, convicting him of robbery in the first degree, upon a jury verdict, and sentencing him to an indeterminate term of 10 to 20 years' imprisonment.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentence to a term of imprisonment of 5 to 10 years; as so modified, the judgment is affirmed.

Pursuant to Penal Law § 160.00 (1), a person commits robbery and forcibly steals property when, in the course of committing a larceny, he uses or threatens the immediate use of physical force upon another person for the purpose of "[p]reventing or overcoming resistance to the taking of the property or to the retention thereof immediately after the taking".

In People v Saia (112 AD2d 804, 805, lv denied 66 NY2d 617), the Appellate Division, Fourth Department, concluded that the Legislature, in extending the definition of robbery "to the use or threatened use of force for the purpose of retaining stolen property", did not intend to create a distinction between a taking without consent of the owner and a taking with consent obtained by fraud. The court reasoned that "[i]n both instances, the owner is privileged to retake his property

by force, if he acts promptly * * * and in both, the thief ought to be penalized if he uses or threatens to use force to prevent the retaking" *(People v Saia, supra,* at 805).

The evidence adduced during the trial of the instant criminal action reveals that the defendant had acquired possession of the property in issue, to wit, stereo equipment and tools, by tendering the sum of $1,000, an amount which the parties had agreed upon as fair consideration for the sale of the merchandise. The record, however, reveals that after the goods had been loaded into the defendant's automobile, he picked up a tire jack and started swinging it at the complaining witness's head. The defendant proceeded to chase the victim, with the jack in hand, demanded that he return the money which had been tendered by the defendant, and did in fact secure the return of $100 of the $1,000.

Based upon the foregoing facts, coupled with other evidence which tended to prove that the defendant harbored a larcenous intent, we conclude that his use of physical force in an attempt to wrongfully retain both the property and money satisfied the elements necessary to sustain a conviction for robbery in the first degree. Here, as in *People v Saia (supra),* the complaining witness would have been justified in seeking to repossess the merchandise once the defendant had demanded the return of the money. The victim was, however, unable to do so by virtue of the physical force exerted upon him by the defendant. Thus, contrary to the defendant's contentions, the People sufficiently established that he did employ force to prevent any resistance to the taking and retention of the property and the jury, based upon the definition contained in Penal Law § 160.00, could, therefore, reasonably conclude that a robbery had occurred. Moreover, upon the exercise of our factual review power, we are satisfied that the defendant's guilt was proven beyond a reasonable doubt and that the jury verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

We further find that the trial court did not err in receiving the verdict and in sentencing the defendant in absentia. The record reveals that the defendant voluntarily failed to appear for the verdict and sentencing proceeding, despite the fact that he had been warned of the consequences of his failure to reappear in accordance with the standards enunciated in *People v Parker* (57 NY2d 136).

Finally, we find that the sentence was excessive to the extent indicated herein. Brown, J. P., Rubin, Eiber and Sullivan, JJ., concur.