■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES GILBERT, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hayes, J.), rendered March 24, 1983, convicting him of criminal possession of a weapon in the third degree, criminal possession of stolen property in the second degree, and criminal possession of a forged instrument in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law and as a matter of discretion in the interest of justice, by vacating the defendant's sentence for criminal possession of a weapon in the third degree; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for resentencing on that count as a second felony offender.

We find that the defendant's motion to dismiss the indictment pursuant to CPL 30.30 was properly denied. Upon becoming aware of the defendant's detention in another jurisdiction the People made diligent and reasonable efforts to obtain the defendant's presence at trial by means of the Interstate Agreement on Detainers *(see,* CPL 580.20; *see also, People v Reilly,* 136 AD2d 355). Accordingly, the court properly determined that the time period from August 31, 1981 to December 16, 1981 was not chargeable to the People *(see,* CPL 30.30 [4] [e]). The mere fact that the People proceeded under CPL 580.20 (Interstate Agreement on Detainers) rather than CPL 580.30 (2) (writ of habeas corpus ad prosequendum) does not indicate a lack of diligence or reasonable efforts on the part of the People as the defendant contends *(see, People v Leftwich,* 126 AD2d 748, 749).

We also find that the defendant waived his right to be present at his criminal trial. The record reveals that the defendant was informed of his right to be present at trial as well as the consequences of failing to appear for trial *(see, People v Parker,* 57 NY2d 136, 140). Subsequently, the defendant failed to appear for trial and reasonable efforts to locate him proved unsuccessful. We also note that the trial court was aware that the defendant had previously absconded during preliminary proceedings and could not be located for a period of over six months. Under the circumstances of this case we find that the trial court did not improvidently exercise its discretion in trying the defendant in absentia *(see, People v Parker, supra,* at 141).

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

We reject the defendant's contention that the trial court erred in permitting the People, during trial, to amend the second count of the indictment which charged the defendant with criminal possession of stolen property in the second degree to reflect that the stolen credit card was owned by Carte Blanche and issued to a William Findley. The amendment of the indictment did not change the theory of the prosecution case as reflected by the evidence presented before the Grand Jury nor did it "otherwise tend to prejudice the defendant on the merits" (CPL 200.70 [1]). In addition, "the defendant offered no evidence of any viable defense he was forced to forego or how he was otherwise misled to his detriment by the amendment" *(People v Hartman,* 123 AD2d 883, *lv denied* 69 NY2d 712).

The trial court properly permitted the People to introduce evidence of the defendant's possession of a second stolen credit card—i.e., a Hertz credit card. We find that evidence of this uncharged crime was relevant to the issue of the defendant's knowledge that the first credit card was stolen *(see, People v Molineux,* 168 NY 264, 293; *People v Alvino,* 71 NY2d 233).

The defendant has failed to preserve for appellate review his contention that the trial court erred in instructing the jury that, pursuant to Penal Law § 165.55 (3), "A person who possesses two or more stolen credit cards * * * is presumed to know that such credit cards * * * were stolen" *(see,* CPL 470.05 [2]). In any event we find that any alleged error was harmless in light of the overwhelming evidence of the defendant's guilt *(see, People v Crimmins,* 36 NY2d 230).

The defendant has also failed to preserve for appellate review his contention that the trial court erred in failing to instruct the jury on the concept of innocent possession of a weapon. The defendant neither requested that the court charge innocent possession of a weapon nor did he object to the court's failure to give such an instruction *(see, People v SiMartin,* 135 AD2d 591).

The defendant's adjudication as a persistent violent felony offender must be vacated, due to the fact that the crime of criminal possession of a weapon in the third degree for which

the defendant presently stands convicted was not a violent felony at the time of its commission, i.e., January 22, 1980, but was first classified a violent felony as of August 12, 1980 (see, Penal Law § 70.02 [1] [c]; *People v Lucas*, 100 AD2d 913). Accordingly, the defendant's sentence for criminal possession of a weapon in the third degree is vacated, and the matter is remitted to the Supreme Court, Kings County, for resentencing on that count.

We have examined the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Mangano, J. P., Bracken, Kooper and Spatt, JJ., concur.