■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

Oscar Salazar, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rotker, J.), rendered April 2, 1987, convicting him of criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We find that the trial court did not err in sentencing the defendant in absentia. The record discloses that the defendant voluntarily failed to appear on the date set for sentencing, despite the fact that he had been warned of the consequences of his failure to reappear in accordance with the standards enunciated in *People v Parker* (57 NY2d 136; *see, People v Gilbert*, 142 AD2d 686; *People v Lockwood*, 137 AD2d 721; *People v Griffin*, 135 AD2d 730). After the court issued a bench warrant for the defendant's arrest and adjourned the sentencing for two weeks, defense counsel was still unaware of the defendant's whereabouts and the prosecutor's investigation had ruled out the possibility of catastrophe or his presence in jail. Additionally, the presentence report, which the court possessed, noted that the defendant had not cooperated with the Department of Probation. This notation was predicated upon the defendant's failure to appear for a second interview or produce requested documents, and the fact that further attempts to contact the defendant had proved fruitless. We also note that the trial court was aware of the fact that a bench warrant had been issued by another Judge on an unrelated charge and that the warrant was still outstanding after the expiration of two months. Under the circumstances of this case, we find that the trial court did not improvidently exercise its discretion in sentencing the defendant in absentia *(see, People v Parker*, 57 NY2d 136, *supra; People v Gilbert*, 142 AD2d 686, *supra)*.

We have reviewed defendant's remaining contention and find it to be without merit. Thompson, J. P., Brown, Lawrence and Rubin, JJ., concur.