■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SANTO LICASTRO, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County (Huttner, J.), rendered December 19, 1986, convicting him of burglary in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We find that the sentencing court did not abuse its discretion in sentencing the defendant in absentia. A review of the record shows that the defendant had been explicitly advised at the time of the plea that if he failed to appear for sentencing, the court would impose in his absence the maximum permissible sentence of 5 to 15 years' imprisonment.

Accordingly, we conclude that, under the circumstances, the defendant voluntarily, knowingly and intelligently waived his right to be present and that it was appropriate to sentence him in absentia *(see, People v Davis, 106 AD2d 657; People v Christopher R., 135 AD2d 584; cf., People v Parker, 57 NY2d 136)*. Mangano, J. P., Kunzeman, Rubin, Eiber and Balletta, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIUS LITTLEJOHN, Appellant.—Appeal by the defendant from two judgments of the Supreme Court, Kings County (Rienzi, J.), both rendered January 6, 1988, convicting him of criminal sale of a controlled substance in the third degree (one count under each indictment), upon his pleas of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no meritorious issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted *(see, Anders v California, 386 US 738; People v Paige, 54 AD2d 631; cf., People v Gonzalez, 47 NY2d 606)*. Mangano, J. P., Kunzeman, Rubin, Eiber and Balletta, JJ., concur.