■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARIO MARIN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Douglass, J.), rendered May 6, 1986, convicting him of criminal possession of a controlled substance in the second degree and criminal

possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's challenge to the sufficiency of his plea allocution is not preserved for appellate review since the defendant did not move to withdraw his plea prior to sentencing (see, People v Pellegrino, 60 NY2d 636). In any event, contrary to the defendant's position, the plea minutes clearly indicate that the defendant, who was fully advised of his rights and the consequences of his plea, entered his plea knowingly and voluntarily (see, People v Harris, 61 NY2d 9).

The defendant's contention that the sentencing court erred in imposing sentence based upon an incomplete sentencing report is similarly unpreserved for appellate review as the defendant did not raise this claim at sentencing (see, CPL 470.05 [2]; People v Morales, 127 AD2d 797). In any event, the defendant cannot be heard to complain about the absence of a complete presentence report inasmuch as the report specifically indicates that it was incomplete because the defendant refused to be interviewed by the Department of Probation (see, People v Morales, supra; People v Scales, 121 AD2d 578).

We have reviewed the defendant's remaining contention and find it to be without merit. Mollen, P. J., Mangano, Thompson and Brown, JJ., concur.