■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY SCOTT, Appellant.

The defendant's contention that the trial court failed to charge the jury that it must separately consider the evidence with regard to each defendant's guilt or innocence is without merit. The record reveals that in several instances the court indicated to the jury that the issues of the guilt or innocence of the defendant and his codefendant were to be considered separately, even though the two men were indicted and tried on an acting-in-concert theory.

In addition, there is no merit to his contention that he was deprived of his right of confrontation by the trial court's restriction of his cross-examination of the complainant, who had a criminal record. Although the trial court precluded further inquiry into the amount of jail time served by com-

plainant, as well as the insinuation that the complainant had some extraneous purpose to serve by accusing the defendant and the codefendant, the record shows that, on the whole, the cross-examination of the complainant by the defendant's counsel was anything but unduly restricted. In fact, counsel for both the defendant and the codefendant fully questioned him and were allowed to inquire into the underlying facts of his convictions. Thus, there was no error (see, People v Goodman, 115 AD2d 756).

Finally, we disagree with the defendant's contention that he was deprived of his right to counsel by the execution, in the absence of his counsel, of a sentence which had been previously imposed on him. The sentence transcript indicates that the defendant absconded during the trial. He was, however, represented by counsel when he was sentenced in absentia. The defendant was returned on a bench warrant and appeared for the execution of sentence without his attorney being present, whereupon the proceeding was adjourned for two days. However, all efforts to contact the defense counsel and to secure his presence proved futile, so that the defendant again appeared in court without counsel. The court then proceeded to execute the sentence. In our view, the court acted properly since the execution of sentence, as opposed to the imposition of sentence, is not such a critical stage of the proceedings as to mandate the presence of counsel (see, People v Villegas, 146 AD2d 228).

We have examined the defendant's remaining contentions and find them to be without merit. Lawrence, J. P., Rubin, Sullivan and Balletta, JJ., concur.