OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
Defendant pleaded guilty to attempted burglary in the second degree in satisfaction of an indictment charging him with second degree burglary and criminal mischief. At the plea allocution, defendant, who was represented by counsel, was promised a conditional probationary sentence but was warned that he could be sentenced in absentia to a prison term of 2 Vs to 7 years if he failed to appear for sentencing. Defendant did not appear and the sentencing proceeding was adjourned. Defendant again failed to appear, although his counsel was present. The sentencing court determined after a hearing that defendant’s absence was voluntary and sentenced him to 2 to 6 years in prison. Several months later, defendant was arrested and returned to court on a bench warrant and the sentence was summarily executed. Defendant’s counsel was not present, and defendant did not request an opportunity to explain his absence at sentencing and was not asked to do so.
Defendant argues that he was denied due process and the right to counsel at execution of sentence. Sentencing is a critical stage of a criminal proceeding which implicates the right to counsel (Mempa v Rhay, 389 US 128; People v Perry, 36 NY2d 114, 119). However, where a defendant is sentenced in absentia while represented by counsel, the critical stage of the sentencing process and, hence, the criminal proceeding itself for all nisi prius court purposes, terminates upon the imposition of sentence. Subsequent execution of the sentence is not a critical stage of the defendant’s criminal proceeding (see, People v Scott, 158 AD2d 725, 726; People v Villegas, 146 AD2d 228, 232). Therefore, defendant was not entitled to counsel under the circumstances of this case.
*911 We have examined defendant’s remaining argument and conclude that it is not preserved for our review.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed in a memorandum.