■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER D. ROBINSON, Appellant.—Judgment unanimously affirmed. Memorandum: The failure of the prosecutor to turn over the statements of two witnesses until the end of defendant's case does not warrant reversal. Defense counsel not only failed to object, but affirmatively stated that examining those witnesses on surrebuttal would be "fine". Additionally, defendant had full knowledge of the testimony the wit-

nesses would offer and, therefore, the statements did not constitute *Brady (Brady v Maryland,* 373 US 83) material *(see, People v Banks,* 130 AD2d 498, 499, *lv denied* 70 NY2d 709). Furthermore, defendant made effective use of the statements by producing both witnesses who testified in accordance with their statements. Thus, even if the statements constituted *Brady* material, defendant has demonstrated no prejudice *(see, People v Smith,* 162 AD2d 734, 735, *lv denied* 77 NY2d 882).

The court properly sentenced defendant in absentia. A waiver of the right to be present at sentencing is effected where a defendant is advised that he will be sentenced in the event of his failure to appear and his failure to appear is deliberate *(People v Bennett,* 162 AD2d 825; *People v Licastro,* 156 AD2d 386, *lv denied* 75 NY2d 869; *People v Lockwood,* 137 AD2d 721, *lv denied* 71 NY2d 1029). Here, defendant was advised that he would be sentenced if he did not appear and his absence was deliberate.

Finally, the court's failure to deny defendant's CPL article 330 motion on the record does not require reversal or resentencing. (Appeal from Judgment of Oneida County Court, Auser, J.—Rape, 1st Degree.) Present—Denman, P. J., Boomer, Green, Balio and Doerr, JJ.