■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE THOMPSON, Appellant.—Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County (Pesce, J.), imposed June 30, 1989, the sentence being three concurrent indeterminate terms of 8⅓ to 25 years imprisonment, and two concurrent definite terms of 1 year imprisonment, upon his conviction of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree (two counts), and criminal possession of a controlled substance in the seventh degree (two counts), upon a jury verdict.

Ordered that the sentence is affirmed.

The defendant voluntarily failed to reappear for the continuation of his trial and for sentencing, although he had been warned of the consequences of his failure to reappear in accordance with the standards enunciated in *People v Parker* (57 NY2d 136). Thus, the defendant voluntarily, knowingly, and intelligently waived his right to be present, and it was appropriate to sentence him in absentia *(see, People v Sanchez,* 65 NY2d 436; *People v Robinson,* 181 AD2d 983; *People v Licastro,* 156 AD2d 386; *People v Salazar,* 151 AD2d 517; *People v Lockwood,* 137 AD2d 721).

The defendant's further contention that the Supreme Court erred in imposing sentence based upon an incomplete sentencing report is unpreserved for appellate review, since no objection to the report was raised at sentencing *(see, People v Marin,* 157 AD2d 804). In any event, the defendant cannot be heard to complain about the absence of a complete sentence report, inasmuch as the report specifically indicates that it was incomplete because the defendant absconded and thus could not be interviewed by the Probation Department *(see, People v Marin, supra; see also, People v Tejada,* 171 AD2d 585).

Further, we find the sentence imposed was not excessive *(see, People v Delgado,* 80 NY2d 780). Mangano, P. J., Thompson, Eiber, Ritter and Pizzuto, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM L. TINSLEY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Rosato, J.), rendered December 20, 1991.

Ordered that the appeal is dismissed *(see, People v Seaberg,* 74 NY2d 1). Bracken, J. P., Sullivan, Harwood, Rosenblatt and Copertino, JJ., concur.