■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRES BLAS, Appellant. [596 NYS2d 438] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (G. Goldstein, J.), rendered August 5, 1991, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The hearing court properly denied the suppression of the gun found in the vehicle occupied by the defendant *(see, People v Sanchez,* 192 AD2d 562 [decided herewith]).

The defendant's contention that he was deprived of his right to counsel by the execution, in the absence of his counsel, of a sentence which had been previously imposed on him, is without merit. The defendant had absconded during trial, and he was sentenced in absentia in the presence of his attorney. When the defendant was returned on a warrant and appeared for the execution of his sentence, his sentence was executed without the presence of his defense counsel, who could not be located. Under these circumstances, the defendant was not deprived of his right to counsel, as the execution of his sentence, as opposed to the imposition of sentence, was not a critical stage of the proceedings *(see, People v Harris,* 79 NY2d 909; *People v Scott,* 158 AD2d 725).

Furthermore, the defendant's contention that the sentencing court erred in imposing sentence based upon an incomplete presentence report is unpreserved for appellate review *(see, People v Thompson,* 186 AD2d 294; *People v Marin,* 157 AD2d 804). In any event, the defendant cannot now complain that his absence, by virtue of the fact that he had absconded, resulted in the preparation of a less than adequate report *(see, People v Thompson, supra; People v Marin, supra).*

The defendant's sentence was neither harsh nor excessive *(see, People v Delgado,* 80 NY2d 780; *People v Suitte,* 90 AD2d 80). Thompson, J. P., Balletta, Miller and Pizzuto, JJ., concur.