■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER WILLIAMS, Appellant. [633 NYS2d 346] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Beerman, J.), rendered September 10, 1990, convicting him of criminal possession of marijuana in the second degree and criminally using drug paraphernalia in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The Supreme Court properly denied the defendant's speedy trial motion to dismiss the indictment pursuant to CPL 30.30. The defendant failed to challenge, either in his motion papers or at the CPL 30.30 hearings, the time period between December 12, 1985, the date a bench warrant for his arrest

was issued, and August 6, 1987, the date the People first learned of the defendant's apprehension in Maryland. Therefore, this issue is both unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Tutt,* 38 NY2d 1011; *People v Manuli,* 156 AD2d 388), and beyond our review since the Supreme Court specifically did not address its merits *(see, People v Noland,* 189 AD2d 829).

The Supreme Court properly excluded the period between July 15, 1988, and October 14, 1988. Upon being informed of the defendant's detention and prosecution in Maryland for unrelated criminal charges, the People made diligent and reasonable efforts to secure the defendant's presence at trial by complying with the procedures set forth in the Interstate Agreement on Detainers *(see,* CPL 580.20; *see also, People v Reilly,* 136 AD2d 355). Accordingly, the period between July 15, 1988, when the People first learned of the defendant's permanent place of incarceration in Maryland, and October 14, 1988, when he was ultimately extradited to New York, was not chargeable to the People *(see, People v Wojciechowski,* 143 AD2d 164; *People v Gilbert,* 142 AD2d 686; *People v Brown,* 136 AD2d 715; *People v Leftwich,* 126 AD2d 748; *People v Lowman,* 102 AD2d 896).

Finally, as the hearing court correctly determined, the time period between July 15, 1988, and January 3, 1989, the date the defendant was ultimately brought to trial, even if chargeable to the People, did not exceed the 180 day requirement of CPL 30.30.

The defendant's remaining contentions are either unpreserved for appellate review, or without merit. Bracken, J. P., Sullivan, Santucci and Joy, JJ., concur.