■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWIN BURGOS, Appellant. [668 NYS2d 19] —Judgment, Supreme Court, Bronx County (David Levy, J., at hearing; Joseph Di Fede, J., at plea, and in absentia sentencing; Lawrence Tonetti, J., at sentence execution), rendered September 19, 1983 and executed May 18, 1995, convicting defendant of robbery in the first degree, robbery in the second degree, criminal possession of a weapon in the fourth degree, criminal use of a firearm in the first degree, criminal use of a firearm in the second degree and unlawful imprisonment in the second degree, and sentencing him, in absentia, to concurrent prison terms of 8⅓ to 25 years, 3 to 9 years, 1 year, 1 to 3 years, 1 to 3 years and 6 months, unanimously affirmed.

Defendant's sentence was properly executed. His due process rights were not violated since he was not entitled to counsel at the execution of sentence, which is "not a critical stage of the * * * criminal proceeding" (*People v Harris*, 79 NY2d 909, 910).

Defendant's suppression motion was properly denied. Although the identification procedure was "police-arranged" in the sense that the complainant was escorted by detectives to the area where the crime occurred for the purpose of trying to find the assailants, such that a hearing was properly granted (*People v Dixon*, 85 NY2d 218, 223), the actual identification was not the product of any suggestiveness by police, and indeed was entirely spontaneous and unprompted. Concur—Rosenberger, J. P., Williams, Andrias and Colabella, JJ.