# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**654**

**KA 11-01322**

PRESENT: SCUDDER, P.J., SMITH, CARNI, LINDLEY, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

KHALLIN D. BIGBY, ALSO KNOWN AS KO, ALSO KNOWN
AS CALI, DEFENDANT-APPELLANT.

---

DAVID P. ELKOVITCH, AUBURN, FOR DEFENDANT-APPELLANT.

JON E. BUDELMANN, DISTRICT ATTORNEY, AUBURN (CHRISTOPHER T. VALDINA OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Cayuga County Court (Thomas G. Leone, J.), rendered September 7, 2010. The judgment convicted defendant, upon his plea of guilty, of criminal sale of a controlled substance in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the sentence and as modified the judgment is affirmed, and the matter is remitted to Cayuga County Court for resentencing.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]), defendant contends that County Court erred in sentencing him in the absence of defense counsel. As the People correctly concede, defendant is correct. "Sentencing is a critical stage of a criminal proceeding which implicates the right to counsel" (*People v Harris*, 79 NY2d 909, 910). Although defendant failed to appear at sentencing, he did not, by virtue of his absence alone, waive his right to counsel at sentencing (*see Matter of Root v Kapelman*, 67 AD2d 131, 137-138, *lv denied* 47 NY2d 706; *see also People v Aiken*, 45 NY2d 394, 397-398). We therefore modify the judgment by vacating the sentence, and we remit the matter to County Court for resentencing (*see People v Read*, 134 AD2d 462, 463). In light of our decision, we do not address defendant's challenge to the severity of the sentence.

Entered:  June 8, 2012                    Frances E. Cafarell
                                          Clerk of the Court