People v Davis (2022 NY Slip Op 00553)





People v Davis


2022 NY Slip Op 00553


Decided on January 28, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 28, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, CURRAN, AND WINSLOW, JJ.


88 KA 20-00915

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
SHAMICH M. DAVIS, DEFENDANT-APPELLANT. 






RYAN JAMES MULDOON, AUBURN, FOR DEFENDANT-APPELLANT. 
JON E. BUDELMANN, DISTRICT ATTORNEY, AUBURN (ERICH D. GROME OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Cayuga County Court (Thomas G. Leone, J.), rendered June 28, 2011. The judgment convicted defendant upon a plea of guilty of criminal sale of a controlled substance in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]). We affirm.
In 2011, County Court sentenced defendant, in absentia, with defense counsel present. In 2016, defendant was returned to the court on a bench warrant. At that appearance, defense counsel requested an adjournment to allow for, inter alia, the preparation of an updated presentence report and to permit him to investigate whether he would move for defendant to withdraw his guilty plea. The court denied defense counsel's request, and stated that the sentence imposed in 2011 would start that day, thereby executing the previously imposed sentence.
Defendant contends that the court abused its discretion in denying defense counsel's request for an adjournment, thereby depriving him of his right to counsel at a critical stage of the proceedings. We reject that contention. We conclude that the court did not abuse its discretion in denying the request for an adjournment (see generally People v Ippolito, 242 AD2d 880, 880-881 [4th Dept 1997], lv denied 91 NY2d 874 [1997]). However, even assuming, arguendo, that it had, we conclude that the denial did not deprive defendant of his right to counsel at a critical stage of the proceedings. It is well established that "where a defendant is sentenced in absentia while represented by counsel, the critical stage of the sentencing process and, hence, the criminal proceeding itself for all nisi prius court purposes, terminates upon the imposition of sentence. Subsequent execution of the sentence is not a critical stage of the defendant's criminal proceeding" (People v Harris, 79 NY2d 909, 910 [1992]; see People v Burgos, 246 AD2d 394, 394 [1st Dept 1998]; People v Blas, 192 AD2d 540, 540 [2d Dept 1993], lv denied 82 NY2d 751 [1993]). There is nothing in the record here to establish that the court improperly sentenced defendant in absentia and, therefore, when defendant returned to court on the bench warrant, it was merely for execution of the sentence (cf. People v Bigby, 96 AD3d 1429, 1430 [4th Dept 2012]).
Finally, we reject defendant's contention that the sentence is unduly harsh and severe.
Entered: January 28, 2022
Ann Dillon Flynn
Clerk of the Court